SOUTHWEST FLORIDA WINTER VEG-
ETABLE GROWERS ASSOCIATION
et al., Plaintiffs,

v.

UNITED STATES, Defendant.

C.D. 4845; Court No. 80–1–00019.

United States Customs Court.

Feb. 27, 1980.

Van Ness, Feldman & Sutcliffe, Washington, D. C. (Gerry Levenberg, Washington, D. C., on the brief), for plaintiffs.

Alice Daniel, Acting Asst. Atty. Gen. (David M. Cohen, Director, Commercial Litigation Branch, Washington, D. C., on the briefs), for defendant.

Arnold & Porter, Washington, D. C. (Alexander E. Bennett, Brooksley E. Landau, and Enid L. Veron, Washington, D. C., on the brief), for intervenor West Mexico Vegetable Distributors Assn.

*On Defendant's Motion to Dismiss*

MALETZ, Judge.

The question to be decided is whether in an action filed after January 1, 1980, this court has jurisdiction under the Trade Agreements Act of 1979 (hereafter TAA) to review a preliminary determination of sales at not less than fair value that was made by the Secretary of the Treasury prior to January 1, 1980, the effective date of the TAA.

The case arises as follows: On October 19, 1979 plaintiffs, who are three nonprofit organizations composed of farmers in Florida engaged in the production of fresh winter vegetables (tomatoes, peppers, eggplant, squash and cucumbers), filed an antidumping petition with the Secretary of the Treasury alleging that certain fresh winter vegetables from Mexico were being, or were likely to be, sold at less than fair value within the meaning of the Antidumping Act of 1921, as amended (19 U.S.C. 160 et seq.).

In response to this petition, the Secretary of the Treasury initiated an antidumping investigation and on November 5, 1979 published a Tentative Determination of Sales at Not Less than Fair Value in which the Secretary concluded that there were "inadequate grounds to believe or suspect that the purchase price of the fresh winter vegetables from Mexico that are the subject of this investigation is less than the fair value, and thereby the foreign market value, of such or similar merchandise." 44 Fed.Reg. 63588, 63589.

On January 3, 1980 plaintiffs filed the present action seeking (1) an order that this preliminary or tentative negative determination by the Secretary was arbitrary, capricious, an abuse of discretion and otherwise not in accordance with the law; (2) an order determining that there is a reasonable basis to believe or suspect that fresh winter vegetables from Mexico are being or are likely to be sold in the United States at less than fair value; (3) an order requiring the administering authority to immediately withhold appraisement of the subject mer-

chandise; and (4) an order remanding the case to the administering authority with a direction to immediately issue a new preliminary determination consistent with the findings of the court.

Defendant has moved to dismiss the action for lack of jurisdiction and the principal issue before the court is whether section 1002(b)(4) of the TAA permits judicial review of the challenged preliminary negative determination of the Secretary.

Section 1002(b)(4) of title X of the TAA (which title covers judicial review) reads (93 Stat. 307):

> (b) Transitional rules.—
>
> \*  \*  \*  \*  \*  \*
>
> (4) Certain countervailing and antidumping duty determinations.—With respect to any preliminary determination or final determination of the Secretary of the Treasury under section 303 of the Tariff Act of 1930 or the Antidumping Act, 1921, which is treated under section 102 of this Act as if made under section 703(b), 705(a), 733(b), or 735(a) of the Tariff Act of 1930 (as added by title I of this Act) such determinations shall be subject to judicial review in the same manner and to the same extent as if made on the day before the effective date.

Before considering section 1002(b)(4) further, it is important to understand the relationship of that section with section 102 of the TAA which delineates transitional rules to govern the status of countervailing and antidumping investigations pending on the effective date of the TAA. Section 102(b)(2) is the transitional rule applicable

to the status of pending antidumping investigations where the preliminary determination was made prior to January 1, 1980. It provides (93 Stat. 189):

> (b) Pending investigations of less-than-fair-value sales.—If, on the effective date of title VII of the Tariff Act of 1930 [i. e., January 1, 1980], there is an investigation in progress under the Antidumping Act, 1921, as to whether imports from a country are being, or are likely to be, sold in the United States or elsewhere at less than fair value, then:
>
> \*  \*  \*  \*  \*  \*
>
> (2) If the Secretary has made under the Antidumping Act, 1921, a preliminary determination, but not a final determination, that imports from such country are being or are likely to be sold in the United States or elsewhere at less than fair value, the investigation shall be terminated and the matter previously under investigation shall be subject to the provisions of title VII of the Tariff Act of 1930 as if the preliminary determination under the Antidumping Act, 1921, were a preliminary determination under section 733 of that title made on the effective date of title VII of the Tariff Act of 1930 [i. e., January 1, 1980].[1]

To the extent relevant, the import of section 102(b)(2) is that "[w]ith respect to pending antidumping  \*  \*  \*  investigations, the last determination made under the old law will be treated [by section 102(b)(2)] as having been made under new law and the time limits and procedures of the new law will subsequently apply." H.Rep.No.96–317, 96th Cong., 1st Sess., 78 (1979).[2] This means that for the purpose of

---

1. Section 102(b)(2) specifically applies to preliminary affirmative determinations under the Antidumping Act but does not mention preliminary negative antidumping determinations. However, the legislative history of this section indicates that it covers preliminary negative antidumping determinations as well as preliminary affirmative antidumping determinations. See S.Rep.No.96–249, 96th Cong., 1st Sess. 102 (1979); H.Rep.No.96–317, 96th Cong., 1st Sess. 78 (1979), U.S.Code Cong. & Admin.News 1979, p. ——. It is also to be noted that the Secretary of Commerce (the successor to the

Secretary of the Treasury as the administering authority under the TAA) has likewise taken the position that section 102(b)(2) is applicable to preliminary negative antidumping determinations. But because of the effect of section 1002(b)(4), as explained below, it is unnecessary to decide this question and it is therefore assumed *arguendo* that section 102(b)(2) covers such preliminary negative determinations.

2. Similarly, the Senate Finance Committee Report on the TAA states (S.Rep.No.96–249, *supra*, at 102, U.S.Code Cong. & Admin.News 1979, 381):

determining the time within which a final determination must be made by the administering authority and the procedures to be followed, section 102(b)(2) treats a preliminary determination made under the Antidumping Act prior to January 1, 1980 as if it were a preliminary determination made on January 1, 1980 under section 733 of the Tariff Act of 1930 (as added by section 101 of the TAA, 93 Stat. 163). Parenthetically it is to be observed that section 735(a)(1) of the Tariff Act of 1930 (as added by section 101 of the TAA, 93 Stat. 169–70) requires that a final determination be made within 75 days after the issuance of a preliminary determination.[3]

On the other hand, the transitional rules of the TAA pertaining to *judicial review of* preliminary determinations made prior to January 1, 1980 are contained in section 1002(b)(4)—and not in section 102. More specifically, section 1002(b)(4) provides, as previously set forth, that judicial review of preliminary antidumping determinations made prior to January 1, 1980 "shall be subject to judicial review *in the same manner* and *to the same extent* as if made on the day before the effective date [January 1, 1980]." [Emphasis added.]

Against this background, plaintiffs argue that for purpose of judicial review under section 1002(b)(4) of the Secretary's preliminary negative determination which was published on November 5, 1979, the law to be applied is not the law in effect prior to January 1, 1980 but rather is section 516A(a)(1)(E) of the Tariff Act of 1930 (93 Stat. 301). This latter section was added by section 1001(a) of title X of the TAA (93 Stat. 300 et seq.) and permits judicial review of preliminary antidumping determinations made under section 733(b) of the Tariff Act of 1930 (as added by section 101 of the TAA, 93 Stat. 163).

According to plaintiffs, the sole effect of section 1002(b)(4) is to establish the day before the effective date of the TAA as the date from which the 30-day period for seeking judicial review pursuant to section 516A(a)(1)(E) of a preliminary determination begins to run. Plaintiffs state that since they filed this action within this time frame (i. e., on January 3, 1980), this court has jurisdiction.

I cannot agree with plaintiffs' reading of section 1002(b)(4). For the language of that section is clear that the law to be applied for purpose of judicial review is the law in effect on the day before the effective date of the TAA. In other words, judicial review under section 1002(b)(4) is to proceed without regard to the amendments made by title X of the TAA. In this connection, the Senate Finance Committee Report explained section 1002(b)(4) of the TAA as follows (S.Rep.No.96–249, *supra,* at 256, U.S.Code Cong. & Admin.News 1979, 381):

> * * * [T]he bill would provide in subsection 1002(b)(4) that with respect to judicial review of any preliminary * * determination of the Secretary of the Treasury under * * * the Antidumping Act which, according to the provisions contained in title VII of the Tariff Act of 1930 as provided in section 102 of the bill, would be treated as if made under specified provisions of title VII, *review would proceed without regard to the amendments made by title X.* [Emphasis added.]

The short of the matter is that the applicable law for the purpose of judicial review is the law which was in effect prior to the effective date of the TAA without regard to the amendments made by title X of the TAA. And since section 516A(a)(1)(E) is an amendment made by title X of the TAA, it is not applicable here.

---

Section 102 is a transition rule for cases in progress under the current * * * antidumping laws. The cases would continue but under the new laws. Section 102 provides counting rules for application of the new time limits depending on the stage of the investigation under current law. * * *

**3.** In accordance with these new statutory requirements, a final determination in the present case must be issued by the administering authority on or before March 17, 1980.

Plaintiffs further argue that if Congress intended that section 1002(b)(4) preclude judicial review of preliminary determinations existing on the effective date of the TAA, it would have included such determinations within section 1002(b)(1) of the TAA which section, plaintiffs state, lists those actions for which the amendments made by title X of the TAA (covering judicial review) do not apply. Instead, plaintiffs continue, "Congress enacted a separate subsection to cover such actions, § 1002(b)(4), which by its literal terms permits review under the amended judicial review provisions."

The argument is without merit since section 1002(b)(1) is not preemptive of *all* the cases where title X does not apply. This is demonstrated by the several provisions of section 1002(b) (93 Stat. 307 et seq.) which read as follows:

(b) Transitional rules.—

(1) Certain protests, petitions, actions, etc.—The amendments made by this title shall not apply with respect to—

(A) any protest, petition, or notice of desire to contest filed before the effective date under section 514, 516(a), or 516(d), respectively, of the Tariff Act of 1930;

(B) any civil action commenced before the effective date under section 2632 of title 28 of the United States Code; or

(C) any civil action commenced after the effective date under such section 2632 if the protest, petition, or notice of desire to contest (under section 514, 516(a), or 516(d), respectively, of the Tariff Act of 1930) on which such action is based was filed before such effective date.

(2) Law to be applied for purposes of such actions.—Notwithstanding the repeal of the Antidumping Act, 1921, by section 106(a) of this Act, and the amendment of section 303 of the Tariff Act of 1930 by section 103 of this Act, the law in effect on the date of any finding or determination contested in a civil action described in subparagraph (A), (B), or (C) of paragraph (1) shall be applied for purposes of that action.

(3) Certain countervailing and antidumping duty assessments.—The amendments made by this title shall apply with respect to the review of the assessment of, or failure to assess, any countervailing duty or antidumping duty on entries subject to a countervailing duty order or antidumping finding if the assessment is made after the effective date. If no assessment of such duty had been made before the effective date that could serve the party seeking review as the basis of a review of the underlying determination, made by the Secretary of the Treasury or the International Trade Commission before the effective date, on which such order, finding, or lack thereof is based, then the underlying determination shall be subject to review in accordance with the law in effect on the day before the effective date.

(4) Certain countervailing and antidumping duty determinations.—With respect to any preliminary determination or final determination of the Secretary of the Treasury under section 303 of the Tariff Act of 1930 or the Antidumping Act, 1921, which is treated under section 102 of this Act as if made under section 703(b), 705(a), 733(b), or 735(a) of the Tariff Act of 1930 (as added by title I of this Act) such determinations shall be subject to judicial review in the same manner and to the same extent as if made on the day before the effective date.

From the foregoing, it is apparent that section 1002(b) in its entirety provides, among other things, that if the underlying administrative determination sought to be judicially reviewed was made prior to the effective date of the TAA, then judicial review is to proceed in accordance with the law in effect prior to the effective date of the TAA without regard to the amendments made by title X. Thus, sections 1002(b)(1) and 1002(b)(2) made clear that the protests, petitions and actions listed in section 1002(b)(1) are subject to judicial review in accordance with the law in effect

prior to the effective date of the TAA. Similarly, section 1002(b)(3) specifies in pertinent part that if no assessment of a countervailing or antidumping duty was made prior to the effective date of the TAA, then a challenge to the underlying administrative finding would be subject to judicial review in accordance with the law in effect prior to the effective date of the TAA. Finally, section 1002(b)(4) prescribes in pertinent part that preliminary countervailing and antidumping determinations made prior to the effective date of the TAA are judicially reviewable in accordance with the law in effect prior to the effective date of the TAA.

It is thus evident from these statutory provisions that Congress did not intend to exclude *only* those cases listed in section 1002(b)(1) from the judicial review provisions of title X. On the contrary, it is plain from the provisions of sections 1002(b)(3) and 1002(b)(4) that countervailing and antidumping duty assessment cases and preliminary countervailing and antidumping determinations are also subject to judicial review in accordance with the law in effect prior to the effective date of the TAA where the underlying administrative determination was made prior to the effective date of the TAA.[4]

In summary, the court holds that for purposes of judicial review in the present case, the law in effect on the day before the effective date of the TAA is applicable. That law is section 516 of the Tariff Act of 1930, as amended by the Trade Act of 1974 (19 U.S.C. 1516). But under section 516(d) of that law judicial review in this court pursuant to 28 U.S.C. 1582(b) is not available to challenge a *preliminary* negative antidumping determination. See, e. g., S.Rep. No.96–249, 96th Cong., 1st Sess. 250–1 (1979), U.S.Code Cong. & Admin.News 1979, p. 381. Hence, the court lacks jurisdiction of the preliminary negative determination here in issue under the law in effect on the day before the effective date of the TAA.

For the foregoing reasons, the action is hereby dismissed without prejudice.

4. Misplaced is plaintiffs' reliance on the statement in the House Ways and Means Committee Report on the TAA that section 1002(b)(1) "lists those actions for which the amendments made by this Title shall *not* apply * * *." H.Rep.No.96–317, *supra*, at 182. [Emphasis in original.] This statement is merely an explanation of section 1002(b)(1); it does not indicate that the cases listed above in sections 1002(b)(3) and 1002(b)(4) are subject to judicial review in accordance with title X. In fact, with respect to duty assessments under section 1002(b)(3), this same Report states that where an underlying determination was made prior to *the effective date of the TAA, it is subject to* judicial review in accordance with the law in effect prior to the effective date of the TAA. H.Rep.No.96–317, *supra*, at 183.