VIVITAR CORPORATION, Plaintiff,

v.

The UNITED STATES, Defendant,

K Mart Corporation, and 47th Street Photo, Applicants for Intervention.

Court No. 84–1–00067.

United States Court of International Trade.

April 4, 1984.

Stein, Shostak, Shostak & O'Hara, Washington, D.C. (Steven P. Kersner, Washington, D.C.), for plaintiff.

Richard K. Willard, Acting Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, Washington, D.C., and Velta A. Melnbrencis, New York City, for defendant.

James C. Tuttle, Troy, Mich., Antitrust and Intern. Counsel, for proposed intervenor.

Howrey & Simon, Washington, D.C. (Robert W. Steele, John F. Bruce, Roger C. Simmons, Kevin P. O'Rourke, and Catherine M. Shea, Washington, D.C.), for proposed intervenor.

Miller, Cassidy, Larroca & Lewin, Washington, D.C. (Nathan Lewin, Jamie S. Gorelick, Washington, D.C., James L. Volling, Minneapolis, Minn.), for proposed intervenor.

RESTANI, Judge:

In the present mandamus action, 47th Street Photo and K Mart Corporation (K Mart) move pursuant to Rules 24(a)(2) and 24(b) of the Court of International Trade for intervention as a matter of right, or alternatively, for permissive intervention. For the following reasons, 47th Street Photo's application for intervention is granted as of right, and K Mart is granted leave to participate as *amicus curiae* pursuant to Rule 76 of this court.

■ Rule 24(a)(2) of the court's rules provides upon timely application of nonstatutory [1] absolute right to intervene.[2]

Various factors must be weighed in passing upon the timeliness of an application to intervene. *See Sumitomo Metal Industries, Ltd. v. Babcock & Wilcox,* 669 F.2d 703, 707–9 (C.C.P.A.1982). It is clear that K Mart's application was timely: its application for intervention was filed (12) twelve days after the plaintiff's summons and

---

1. Rule 24(a)(1) of the court's rules, which the instant application does not raise, provides an absolute right to intervene "when a *statute* of the United States confers an unconditional right to intervene...." *See* Court of International Trade, R. 24(a)(1) (emphasis provided).

2. Rule 24(a)(2) provides that:

Upon timely application anyone shall be permitted to intervene in an action ... when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

complaint were filed. In addition, there is no reason to believe that intervention would prejudice the parties, since the court had not, as of the time of its motion, heard argument on any substantive or procedural issues. K Mart has, since the filing of its motion, been permitted to argue as conditional intervenor-defendant, contingent upon the court's granting of intervention. *See Ceramica Regiomontana, S.A. v. United States,* 557 F.Supp. 596 at 597, n. 2 (CIT 1983).

It is less evident but nevertheless true, that 47th Street Photo's application was also timely. 47th Street Photo filed its motion to intervene nearly a month after the filing of plaintiff's complaint and summons were filed, and only one day before oral arguments concerning jurisdiction were held in the present case. Nevertheless, the time it took 47th Street Photo to make application was not unreasonable. It is important to emphasize that prejudice to existing parties to the litigation is " 'perhaps the most important factor in determining timeliness of [an application] to intervene as of right.' " *Sumitomo Metal Industries, Ltd. v. Babcock & Wilcox, supra* at 708–9 *citing Petrol Stops Northwest v. Continental Oil Co.,* 647 F.2d 1005, 1010 (9th Cir.1981). Time for briefing the merits of this case remains, so intervention by 47th Street Photo will not delay consideration of this action and no prejudice will occur.

Because Rule 24(a)(2) of this court is identical to Rule 24(a)(2) of the Federal Rules of Civil Procedure, as amended in 1966, practice with respect to non-statutory intervention as of right as it has developed under the federal rules is highly relevant. Accordingly, each applicant in this case must establish:

1. an interest relating to the property or transaction which is the subject of the action;

2. that without intervention, the disposition of the action may impair as a practical matter its ability to protect its interest; and

3. that its interest is not adequately protected by the parties to the litigation.

*See Cascade Natural Gas Corp. v. El Paso Natural Gas Co.,* 386 U.S. 129, 87 S.Ct. 932, 17 L.Ed.2d 814 (1967); *County of Fresno v. Andrus,* 622 F.2d 436, 438 (9th Cir.1980); *Nuesse v. Camp,* 385 F.2d 694, 699 (D.C.Cir.1967).

All three requirements of the above test for intervention must be satisfied to entitle an applicant to intervention of right under Rule 24(a)(2). *See NAACP v. New York,* 413 U.S. 345, 93 S.Ct. 2591, 37 L.Ed.2d 648 (1973); *United States v. Board of Education of City of Chicago,* 88 F.R.D. 679, 684 (N.D.Ill.1981); *see also Central States v. Old Security Life Ins. Co.,* 600 F.2d 671, 679 (7th Cir.1979).

■ The instant case has been brought by plaintiff, Vivitar, to challenge Customs' enforcement of section 526, Tariff Act of 1930, as amended, 19 U.S.C. § 1526(a) and (b) (Supp. V 1981), which prohibits the unauthorized importation of foreign manufactured goods which bear a registered trademark owned by a United States citizen or corporation. This type of merchandise is generally referred to as "gray market goods."

K Mart alleges that it has made substantial purchases of "gray market" goods, but does not specify whether any of these bore the Vivitar trademark. In addition, it claims that it has been solicited by middlemen offering imported products under the "Vivitar" trademark. *See* Affidavit of James R. Tuttle, ¶¶ 7 and 8. K Mart therefore concludes that it is entitled to intervention of right. On the other hand, 47th Street Photo alleges that it is a purchaser of Vivitar products that are available only from foreign Vivitar distributors.

The nature of the interest required to sustain a right to intervene must be a "significantly protectable [one]." *See Donaldson v. United States,* 400 U.S. 517, 91 S.Ct. 534, 27 L.Ed.2d 580 (1971); *see also, e.g., Lane v. Bethlehem Steel Corp.,* 93 F.R.D. 611 (D.Md.1981). The alleged interest must not be "indirect," "remote" or

"contingent." 3B Moore's Federal Practice ¶ 24.07[2], 24–59 (1982); *see, e.g., Dilks v. Aloha Airlines,* 642 F.2d 1155 (9th Cir. 1981); *Moosehead Sanitary District v. S.G. Phillips Corp.,* 610 F.2d 49 (1st Cir. 1979). *See also Athens Lumber Co. v. Federal Election Commission,* 690 F.2d 1364, 1366 (11th Cir.1982) (generalized interest in outcome of a case provides no ground for intervention as of right).

■ This court is not convinced that K Mart's interest rises to the level sufficient to entitle it to intervention of right. K Mart has demonstrated that its interest is no greater than that of "a *potential* customer for imported Vivitar products from ... middlemen." *See* Affidavit of James R. Tuttle, ¶ 8 (emphasis supplied). Therefore, it would only be remotely affected by the decision in this matter. Consequently, as one of the requirements is lacking, intervention of right under Rule 24(a)(2) is denied.

In contrast, 47th Street Photo meets the interest requirement. As mentioned, 47th Street Photo alleges that it is a seller and purchaser of "Vivitar products that are available only from foreign Vivitar distributors." *See* 47th Street Photo's Memorandum in Support of Its Motion to Intervene at 1.[3] It claims that not only would its access to certain "gray market" Vivitar goods be extinguished should the plaintiff in the main action succeed, but also that it will be unable to continue selling Vivitar products at discounted prices. Furthermore, 47th Street Photo maintains that it sells many other foreign-manufactured "gray market" products that are not available through the manufacturers' U.S. distributors. Goldstein Affidavit at ¶ 6. 47th Street Photo's obvious economic interests, its interest in the continued existence of the gray market distributors which it utilizes as well as its interest in avoiding significant changes in the conduct of its business all support the requisite finding of significantly protectable interest.

■ The second test of practical impairment is a flexible one. *Jet Traders Inv. Corp. v. Tekair, Ltd.,* 89 F.R.D. 560 (D.Del. 1981). 47th Street Photo has alleged strong interests which the disposition of the main action may impair or impede. *See, e.g., Natural Resources Defense Council v. Costle,* 561 F.2d 904 (D.C.Cir. 1977); *Nuesse v. Camp,* 385 F.2d 694, 702 (D.C.Cir.1967). 47th Street Photo contends: "... if Vivitar were to succeed in forcing the Customs Service to amend its regulations, many of the products sold by Vivitar might be excluded from the United States and 47th Street Photo could well be forced out of the discount sales market." 47th Street Photo's Memorandum in Support of Motion to Intervene at 3.

As to the third requirement, 47th Street Photo's interest may not be adequately represented by the Government in these proceedings.[4] First, plaintiff has alleged that the Department of Justice, which is litigating defendant's case, supports plaintiff's position on the regulations at issue concerning the importation of gray market goods. *See* Complaint at ¶ 1. While this has not been evident from the briefs and arguments made before this court, the Government's *amicus curiae* brief in the case of *Bell & Howell: Mamiya Co. v. Masel Supply Co.,* 719 F.2d 42 (2d Cir. 1983), which was filed by the Justice Department, and which includes as participating counsel the Chief Counsel of the U.S. Customs Service, argues many of the precise points which the plaintiff in this case will need to establish in pursuing the remedy sought in this action. In having taken these positions as *amicus,* the Government may have jeopardized the strength or variety of choice of arguments available to it in the instant case. Whether or not this is true, there remains an appearance that the positions which 47th Street Photo may wish

---

**3.** 47th Street Photo alleges that about half of the Vivitar products sold by 47th Street Photo in 1983 were purchased from foreign Vivitar distributors. Goldstein Affidavit at ¶ 3.

**4.** Some courts have found a high threshold of inadequacy of representation necessary for intervention under Rule 24(a). If the requisite level is lacking, this court would also permit intervention by 47th Street Photo under Rule 24(b) discussed *infra.*

to argue will not be wholeheartedly represented. Second, this court is reluctant to view the Government's and 47th Street Photo's interests as coincident, where 47th Street Photo's interests are purely private, commercial ones relating to monetary and business concerns and where the Government's interests are public and enforcement oriented.

■ As to K Mart's alternative motion for permissive intervention, Rule 24(b) of this court provides that the court in its discretion may allow an applicant to intervene in an action: "(1) when a statute confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common." *See* Court of International Trade, R. 24(b). K Mart has requested alternatively that this court allow permissive intervention under Rule 24(b)(1) or under Rule 24(b)(2).

Rule 24(b)(2) provides that so long as application has been timely, the court may permit intervention where "an applicant's claim or defense and the main action have a question of law or fact in common." Court of International Trade, R. 24(b)(2). It is true that K Mart's defense and the main action have in common various questions of law and fact related to the validity of 19 U.S.C. § 1526 (Supp. V 1981).

In this case, 28 U.S.C. § 2631(j) provides additional authority for permissive intervention.[5] 28 U.S.C. § 2631(j)(2) states:

[i]n those civil actions in which intervention is by leave of court, the Court of International Trade shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

It is clear that permissive intervention under § 2631 may be allowed or denied as this court in its discretion determines. 28 U.S.C. § 2631(j)(1); R. 24(b), Court of International Trade. Because the commercial

interests which are not represented by the Department of Justice are represented by 47th Street Photo, and because of the various *amici curiae* participating adequate discussion of the issues should occur even without the intervention of K Mart. Because of the potential for a vast number of applications for intervention by persons in the position of K Mart, permitting intervention does not appear to be in the interest of judicial economy. *Cf. Gerstle v. Continental Airlines, Inc.,* 466 F.2d 1374 (10th Cir. 1972). Moreover, because of this potential for a flurry of similarly situated persons to seek intervention on a similarly tenuous showing, it is quite possible that intervention by K Mart could unduly delay or prejudice the adjudication of the rights of the original parties. For these reasons, K Mart is denied permission to intervene under Rule 24(b)(2).

Nevertheless, K Mart has provided valuable briefing and argument in this matter and plaintiff has suggested that *amicus curiae* participation would be appropriate. The court agrees with that statement. Therefore, K Mart is granted the right to participate as *amicus curiae.*

---

**5.** 28 U.S.C. § 2631(j) provides for both permissive intervention as well as intervention as a matter of right, (*see* 28 U.S.C. § 2631(j)(1)(A)–(C)). Because the case presented does not fall within the exceptions listed in the statute, it arises under the general provision of 2631(j)

which requires that a "person would be adversely affected or aggrieved by a decision in a civil action pending in the Court of International Trade." This general provision is permissive because intervention is allowed only "by leave of court." *See* 28 U.S.C. § 2631(j) (1983).