**MANULI AUTOADESIVI, S.P.A. and Manuli USA, Inc., Plaintiffs,**

v.

**The UNITED STATES, Defendants,**

**Minnesota Mining and Manufacturing Company, Applicant for Intervention.**

**Court No. 83–9–01285.**

United States Court of International Trade.

Jan. 17, 1985.

---

Barnes, Richardson & Colburn, New York City (Andrew P. Vance, Michael A. Johnson and Carl J. Laurino, New York City), for plaintiffs.

Richard K. Willard, Acting Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, Washington, D.C. (James Kevin Horgan, Washington, D.C.), for defendants.

Baker & McKenzie, Washington, D.C. (Thomas P. Ondeck and B. Thomas Peele, Washington, D.C.), for proposed intervenor.

RE, Chief Judge:

Plaintiffs, Manuli Autoadesivi, S.p.A. and Manuli USA, Inc., challenge the final affirmative determination of an administrative review by the Department of Commerce's International Trade Administration of a dumping finding. The administrative review was conducted pursuant to section 751(a)(1) of the Tariff Act of 1930, 19 U.S.C. § 1675(a)(1) (1982), and pertained to importation of pressure sensitive tape from Italy. 48 Fed.Reg. 3586 (1984). In addition, plaintiffs challenge the validity of the initial dumping finding made by the Department of the Treasury on October 2, 1977. 42 Fed.Reg. 56,110 (1977) (1977 dumping finding).

On December 23, 1983, pursuant to Rule 24(a) of the Rules of this Court and 28 U.S.C. § 2631(j)(1)(B), Minnesota Mining & Manufacturing Company (3M) moved to intervene in this action as a matter of right. By order dated January 16, 1984, this Court partially granted 3M's motion, allowing intervention only as to that portion of the plaintiffs' action which challenged the final results of the administrative review. However, that part of 3M's motion which challenged the 1977 dumping finding was denied.

3M has moved for partial reconsideration of their motion for intervention, urging that 3M should be permitted to intervene in the challenge to the 1977 dumping finding under Rule 24(b)(2) of this Court, which governs permissive intervention. By application of the "transitional" rules of the Trade Agreements Act of 1979, Pub.L.No. 96–39, § 1002(b)(2) 93 Stat. 144, 307, the law to be applied in reviewing the 1977 dumping finding is the Antidumping Act of 1921, which was repealed by the Trade Agreements Act of 1979, § 106(a), 93 Stat. 144, 193. 3M contends that it has a right under the transitional rules to file an "American manufacturer's protest" to challenge the 1977 finding. This independent action, 3M asserts, could then be consolidated with the plaintiffs' case pursuant to Rule 42(a) of this Court. Rather than take this circuitous route, 3M argues that judicial economy would be fostered by allowing intervention.

The plaintiffs contend that 3M did not protect its standing under the old law to initiate its own suit, and, therefore, should not be allowed to intervene.

Subject to the statutory provisions of 28 U.S.C. § 2631(j) (1982), permissive intervention is governed by Rule 24(b) of the Rules

of this Court. Rule 24(b), in part, provides that:

Upon timely application anyone may be permitted to intervene in an action: ... (2) When an applicant's claim or defense and the main action have a question of law or fact in common.... In exercising its discretion, the court shall consider whether the intervention will unduly delay or prejudice the rights of the original parties.

That portion of 28 U.S.C. § 2631(j) which governs intervention by leave of court provides:

(1) Any person who would be adversely affected or aggrieved by a decision in a civil action pending in the Court of International Trade, may, by leave of court intervene in such action ...

....

(2) In those civil actions in which intervention is by leave of court, the Court of International Trade shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

■ The statutory language makes it clear that intervention, by leave of court, is addressed to the sound discretion of the court. 28 U.S.C. § 2631(j); U.S.C.I.T. Rule 24(b). Since the operative language of Fed. R.Civ.Pro. 24(b) is identical to Rule 24(b) of the Rules of this Court, as guidance to the exercise of the Court's discretion, it is permissible to look to the federal cases that have interpreted the Federal Rule of Civil Procedure governing permissive intervention. *See Sumitomo Metal Industries, Ltd. v. Babcock & Wilcox Co.*, 69 CCPA 75, 78 n. 3, 669 F.2d 703, 705 n. 3 (1982); *Vivitar Corp. v. United States*, 7 CIT —, 585 F.Supp. 1415, 1417 (1984). It is also noted that intervention by leave of court is wholly discretionary, "even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied." *See New Orleans Public Service, Inc. v. United Gas Pipeline Co.*, 732 F.2d 452, 471–72 (5th Cir.1984) (en banc), *quoting* 7A C. Wright & A. Miller, *Federal Practice and Procedure: Civil* § 1913, at 551 (1972).

In considering an application to intervene by leave of court, the court must weigh three factors: a) whether the intervenor's claim has a question of law or fact in common with the plaintiffs; b) whether the application is timely; and c) "whether the intervention will unduly delay or prejudice the adjudicative rights of the original parties." *See* U.S.C.I.T. Rule 24(b).

■ In the present case, the action challenged by the intervenor, the 1977 dumping finding, presents a common question of law with the plaintiffs. In addition, the original motion to intervene was filed less than three months after the plaintiffs filed their complaint. The application to intervene, therefore, should be considered timely. Nevertheless, on the facts presented, it is the holding of this Court that the prejudice to the original parties, which would result from the participation of an additional party in the challenge to the 1977 finding, outweighs the considerations in favor of intervention. Consequently, the motion to intervene by leave of court is denied.

The most significant factor that militates against allowing intervention in this case is the likelihood of prejudice to the original parties. Rule 1(a) directs that the Rules of this Court "shall be construed to secure the just, speedy, and inexpensive determination of every action." The negative effect of certain classes of intervenors on the orderly progress of certain proceedings has been noted in some of the cases. For example, it has been stated that:

Additional parties always take additional time. Even if they have not witnesses of their own, they are the source of additional questions, briefs, arguments, motions and the like which tend to make the proceeding a Donnybrook Fair. ... [A] third party can contribute most efficiently and almost always most expeditiously by a brief amicus curiae and not by intervention.

*Crosby Steam Gage & Valve Co. v. Manning, Maxwell & Moore, Inc.*, 51 F.Supp. 972, 973 (D.Mass.1943), *quoted with ap-*

*proval in Bush v. Viterna,* 740 F.2d 350, 359 (5th Cir.1984); *see also British Airways Board v. Port Authority of New York and New Jersey,* 71 F.R.D. 583, 585 (S.D.N.Y.1976).

In this case, 3M had the opportunity to contest the 1977 finding by filing a notice to contest the determination under former 19 U.S.C. § 1516(d) (1976). In addition, under the transitional rules, 3M had a right to file an American manufacturer's protest. 3M did not avail itself of those opportunities. Instead, it seeks to intervene in this action more than six years after the initial dumping finding. Proceeding by intervention as of right, rather than by filing an independent action, is clearly permitted under the present statutory framework. *See Ceramica Regiomontana, S.A. v. United States,* 8 CIT ——, 590 F.Supp. 1260, 1264 (1984). 3M, however, has no statutory right to intervene in the challenge to the 1977 finding. Thus, albeit not dispositive, the six-year lapse of time from the 1977 dumping finding until the current action is significant.

3M's position in this litigation is essentially adversarial to that of plaintiffs. The involvement of an additional party in the challenge of the 1977 finding will result in a delay in the ultimate resolution of the case. For example, discovery related to the 1977 finding by 3M, which is likely to involve confidential information, will require additional time and expense. Delay in the ultimate resolution of the case constitutes prejudice to the original parties. *See Sumitomo Metal Industries, Ltd. v. Babcock & Wilcox Co.,* 69 CCPA 75, 84, 669 F.2d 703, 709 (1982). Moreover, there is no indication that there would be an inadequate discussion or presentation of the issues without 3M's participation as a party. *See Vivitar Corp. v. United States,*

7 CIT ——, 585 F.Supp. 1415, 1419 (1984). Hence, since it is the determination of the court that the prejudice to the plaintiffs outweighs the considerations in favor of intervention, intervention is denied.

It should be noted that the effect of this decision is simply to preclude 3M from participating in discovery, trial, and any appeal of an adverse decision only with respect to the 1977 finding. As was the practice under old law, 3M may have its views pertaining to the 1977 finding considered by the Court, if 3M wishes to express them, as *amicus curiae.*

■ There is some question as to the plaintiffs' standing to challenge the 1977 finding. Plaintiffs concede that Manuli Autoadesivi, S.p.A., does not have standing to challenge the 1977 finding. Under the Antidumping Act of 1921, Manuli U.S.A. Inc., has standing to challenge the 1977 finding only if one or more of their entries subject to the dumping duty has been liquidated. *See Goldsmith & Eggleton, Inc. v. United States,* 5 CIT ——, 563 F.Supp. 1377, 1380 (1983). Although, in their brief, the plaintiffs assert that liquidations have occurred, the necessary allegations are not set forth in their complaint. In the interests of justice, the plaintiffs are permitted to amend their complaint to include the necessary jurisdictional allegations.

In view of the foregoing, 3M's motion for partial reconsideration of their motion for intervention is denied.