

Arvey, Hodes, Costello & Burman, Ralph A. Mantynband, Edward H. Soderstrom, II, Chicago, Ill., for plaintiff.

Stuart E. Schiffer, Acting Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, Civ. Div., U.S. Dept. of Justice, Velta A. Melnbrencis, Washington, D.C., for defendant.

**NICHIMEN AMERICA, INC., formerly known as Nichimen Co., Inc., Plaintiff,**

v.

**UNITED STATES, Defendant.**

**Court No. 87-01-00047.**

United States Court of International Trade.

Aug. 29, 1989.

## OPINION AND ORDER

CARMAN, Judge:

Defendant moves to dismiss this action on the grounds that the assessment of antidumping duties is not a protestable matter and therefore the Court does not possess jurisdiction to entertain plaintiff's claim pursuant to 28 U.S.C. § 1581(a) (1982).

## FACTS

These facts are essentially the same as those outlined in 12 CIT ——, Slip Op. 88-128, 1988 WL 98472 (September 22, 1988). Plaintiff is the importer of ten television receivers manufactured and imported from Japan between May and November of 1976. During this time period Japanese television receivers were subject to an antidumping order issued by the Treasury Department in March of 1971. See T.D. 71-76, 36 Fed.Reg. 4,597 (Mar. 10, 1971). These receivers were released prior to formal entry under a special delivery permit accompanied by an immediate consumption and entry bond. The amount of duties, combining both normal customs and antidumping duties, was estimated at a rate of 9 percent *ad valorem*, and the goods were released into the stream of commerce between May and November, 1976.

On August 30, 1985, Commerce notified plaintiff by certified mail that its receivers entered from September 9, 1970 through

March 31, 1979 would be assessed at 3.37 percent *ad valorem* if plaintiff did not request a periodic review of amount of duty pursuant to Section 751(a) of the Trade Agreements Act of 1979, 19 U.S.C. § 1675(a) (hereinafter section 751 review). No request was made for a section 751 review of receivers which entered during 1976. These receivers were liquidated and assessed with antidumping duties at a rate of 3.37 percent *ad valorem*. Plaintiff then filed a protest challenging the assessment of antidumping duties. Following denial of the protest, plaintiff brought this action pursuant to 28 U.S.C. § 1581(a) complaining about the assessment of antidumping duties.

Plaintiff filed a motion for summary judgment, or in the alternative, judgment on the pleadings. Defendant opposed and cross-moved for summary judgment on the grounds that this Court did not possess jurisdiction to entertain plaintiff's action and that defendant was entitled to judgment. This Court denied the cross-motions and denied defendant's application to dismiss for lack of jurisdiction with leave to renew. 12 CIT ——, Slip–Op. 88–128.

### DISCUSSION

Since plaintiff's merchandise was imported prior to January 1, 1980 and assessed after January 1, 1980, one must look to the Antidumping Duty Act of 1921, (hereinafter the 1921 Act), the Trade Agreements Act of 1979 (hereinafter the 1979 Act) and its Transitional Rules in order to arrive at a decision as to the Court's jurisdiction in the instant case. Since this merchandise was imported prior to January 1, 1980, which was the effective date of the 1979 Act, the applicable antidumping duty provisions are contained in the 1921 Act. *See,* 19 U.S.C. §§ 160–173 (1976). Section 161(a) provided for the payment of a special dumping duty equal to the difference between the foreign market price and the purchase price (or the exporter's sales price). The payment of customs duties could have been protested pursuant to 19 U.S.C. § 1514(a) (1976). If that protest was denied, a civil action to contest the denial could have been brought before the United States Customs Court pursuant to 28 U.S.C. § 2632 (1976).

The Transitional Rules of the 1979 Act specifically state that dumping findings issued under the 1921 Act which were in effect up to January 1, 1980 "shall remain in effect, subject to review under section 751 of the Tariff Act of 1930." Trade Agreements Act of 1979, Pub.L. No. 96–39, § 106, 93 Stat. 144, 193 (1979).

Section 751(a) of the 1979 Act, 19 U.S.C. § 1675(a), as amended by the Trade and Tariff Act of 1984, provides in pertinent part:

§ 1675. **Administrative review of determinations**

(a) **Periodic review of amount of duty**

(1) **In general**

At least once during each 12–month period beginning on the anniversary of the date of publication of a countervailing duty order under this subtitle or under section 1303 of this title, an antidumping duty order under this subtitle or a finding under the Antidumping Act, 1921, or a notice of the suspension of an investigation, the administering authority, if a request for such a review has been received and after publication of notice of such review in the Federal Register, shall—

(A) review and determine the amount of any net subsidy,

(B) review, and determine (in accordance with paragraph (2)), the amount of any antidumping duty....

\* \* \* \* \* \*

and shall publish the results of such review, together with notice of any duty to be assessed, estimated duty to be deposited, or investigation to be resumed in the Federal Register.

19 U.S.C. § 1675(a) (1982 & Supp. V. 1987).

Congress did not specifically state how Commerce was to determine the amount of antidumping duties when no section 751 review was requested. It was left to the discretion of the Secretary to provide regulations for duty assessment including the conversion of cash deposits of estimated duties previously ordered. *See,* H.R.Rep.

No. 1156, [Conf.Rep. to accompany H.R. 3398], 98th Cong., 2d Sess. 181 (1984).

Commerce set forth procedures for requesting administrative reviews in 19 C.F.R. § 353.53a(a) and (b) (1986) and 19 C.F.R. § 355.10(a) and (b) (1986) and for conducting administrative reviews if requested in 19 C.F.R. § 353.53a(c) (1986) and 355.10(c) (1986). The procedure for assessing antidumping duties when a review is not requested is outlined in 19 C.F.R. § 353.53a(d)(1):

> (d) *Automatic assessment of duties.* (1) For orders or findings, if the Secretary does not receive a timely request under paragraph (a)(1), (a)(2), (a)(3), or (a)(5) of this section, the Secretary, without additional notice, will instruct the Customs Service to assess antidumping duties on the merchandise described in paragraphs (b)(1) through (b)(3) of this section at rates equal to the cash deposit of (or bond for) estimated antidumping duties required on that merchandise at the time of entry, or withdrawal from warehouse, for consumption and to continue to collect the cash deposit previously ordered.

19 C.F.R. § 353.53a(d)(1) (1986), 50 Fed. Reg. 32,558 (Aug. 13, 1985)

Judicial review of antidumping and countervailing duty determinations, including section 751 reviews were provided for in Title X of the 1979 Act. Title X amended 19 U.S.C. § 1514 as follows:

**(b) Finality and conclusiveness of customs officers' determinations**

With respect to determinations made under section 1303 of this title or subtitle IV of this chapter which are reviewable under section 1516a of this title, determinations of the appropriate customs officer are final and conclusive upon all per-

sons (including the United States and any officer thereof) unless a civil action contesting a determination listed in section 1516a of this title is commenced in the United States Customs Court [Court of International Trade].

19 U.S.C. § 1514(b) (1976 & Supp. III 1979).

Section 1002(b)(3) of the 1979 Act stated that amendments made by Title X, "shall apply with respect to the review of the assessment of, or failure to assess, any countervailing duty or antidumping duty on entries subject to a countervailing duty order or antidumping finding if the assessment is made after the effective date [January 1, 1980]." 93 Stat. at 307. Since the assessments in the instant case were made on August 15, 1986, this amendment applies.

Plaintiff argues that the sentence immediately following the one quoted above in section 1002(b)(3) entitles it to judicial review. That second sentence reads:

> If no assessment of such duty had been made before the effective date that could serve the party seeking review as the basis of a review of the underlying determination, made by the Secretary of the Treasury or the International Trade Commission before the effective date, on which such order, finding, or lack thereof is based, then the underlying determination shall be subject to review in accordance with the law in effect on the day before the effective date.

Trade Agreements Act of 1979, Pub.L. No. 96–39, title X, § 1002(b)(3), 93 Stat. 300, 307 (1979).

Defendant points out, however, that the legislative history indicates that this sentence applies to the underlying determination made by the Secretary of the Treasury or the Commission.[1] Plaintiff cites *Gold-*

---

1. See H.R.Rep. No. 317, 96th Cong., 1st Sess. (1979) at 182–83:

   Subsection [1002](b)(3) states that the amendments made by this Title shall apply with respect to the review of the assessment (or failure to assess) of any countervailing or antidumping duty on entries subject to a countervailing duty order or antidumping finding if the assessment is made after the effective date.

   However, with respect to review of the *underlying determination* upon which such orders or findings (or lack thereof) are based, subsection (b)(3) states that if no assessment of such duty had been made before the effective date that could serve the party seeking review as the basis of a review of the underlying determination, then the underlying determination shall be subject to review in accordance with the law in effect on the day before

*smith & Eggleton, Inc. v. United States,* 5 CIT 127, 563 F.Supp. 1377 (1983) to support its position. In *Goldsmith,* an importer's challenge of a 1973 dumping determination was dismissed as premature when duties were not yet assessed. However, as defendant notes, plaintiff in the instant case is not challenging the underlying dumping determination. Rather, plaintiff is challenging Commerce's decision to assess antidumping duties at a rate of 3.37 percent *ad valorem.* Congress has specifically stated that an assessment made after January 1, 1980 must be challenged under the review provisions of the 1979 Act.

Plaintiff argues that the fact that Commerce did not conduct an administrative review on its own initiative for the time period January 1, 1980 to October 30, 1984 prejudiced its position. The Court notes that Commerce gave plaintiff the opportunity to request a section 751 review in 1985, but plaintiff did not act on this request. After failing to act, plaintiff contends that it was prejudiced by Commerce's lack of initiative.

Defendant points out that statutory time periods such as the period for conducting a review under 19 U.S.C. § 1675(a) have been held to be directory and not mandatory and that a delay in conducting such a review does not diminish Commerce's authority to assess duties covered by an outstanding finding or order. In *Usery v. Whitin Machine Works, Inc.,* 554 F.2d 498, 501 (1st Cir.1977), the United States Court of Appeals for the First Circuit determined that nothing in the statutes covering trade adjustment assistance suggested that a time limitation upon the Secretary of Labor was designed to be jurisdictional and that absent clear indication that Congress intended such time limits to be strictly enforced,

the court would refrain from doing so. In *Philipp Bros., Inc. v. United States,* this court noted the following concerning a late section 751 review: "Although ITA's failure to comply with the statutory time limit is not condoned by this court, this failure to act in a timely manner did not deprive ITA of jurisdiction to complete the section 751 review." 10 CIT 76, 83, 630 F.Supp. 1317, 1324, (1986) (footnote omitted).

While this Court acknowledges that it cannot condone Commerce's lateness in complying with the time limit in question, it holds that plaintiff was not prejudiced by Commerce's delay, since plaintiff chose not to request a section 751 review when that opportunity was presented by Commerce.

Returning to the jurisdictional argument, even if a section 751 review had been conducted, plaintiff's only challenge would have been pursuant to 28 U.S.C. § 1581(c) as provided in 19 U.S.C. § 1516a.

Defendant points out that although section 751 reviews are reviewable by this Court pursuant to 19 U.S.C. § 1516a, and if such a section 751 review had taken place in this case, it would have been reviewable by this Court, this does not render the antidumping duty assessment protestable under 19 U.S.C. § 1514. Plaintiff did not exercise its right to request a review. Had it done so, plaintiff could have obtained judicial review from this Court.

## CONCLUSION

Plaintiff was given the opportunity to request a section 751 review at the invitation of Commerce, but did not choose to do so. The Transitional Rules of the 1979 Act specifically state that dumping findings which were issued under the 1921 Act shall remain in effect subject to review under

the effective date. The purpose of this rule is to ensure that determinations which are made prior to the effective date of the bill, and therefore not reviewable in accordance with the provisions of this Title, do not escape review entirely. Under current law, determinations by the Secretary and the ITC (with the exception of a negative final determination by the Secretary concerning less than fair value sales or the existence of a subsidy) are reviewable only through a challenge to the assess-

ment of or the failure to assess antidumping or countervailing duties. Thus, if a determination is made prior to the effective date, but the first assessment which can serve as the basis for review occurs after the effective date, review of such a determination would not be available under either current law or the bill. This provision ensures that this does not occur and that rights of review under current law are preserved where necessary.

section 751 of the Tariff Act of 1930. It was left to the discretion of the Commerce Secretary to determine the amount of anti-dumping duties when no section 751 review was requested and the method of automatic assessment of duties was set out in the Federal Register and codified in 19 C.F.R. § 353.53a(d)(1). Amendments made by the 1979 Act applied to assessments of anti-dumping duties made after January 1, 1980. Since the assessments in the instant case were made on August 15, 1986, the amendment stating that decisions of the appropriate customs officer are final unless a civil action is commenced under 19 U.S.C. § 1516a applies. *See,* 19 U.S.C. § 1514(b) (1976 & Supp. III 1979).

For the reasons stated herein, this Court does not possess jurisdiction to entertain plaintiff's claim under 28 U.S.C. § 1581(a). Defendant's motion to dismiss is granted and this action is dismissed.