**RHONE POULENC, INC., and Rhone Poulenc Chimie de Base, S.A., Plaintiffs,**

v.

**UNITED STATES, Defendant.**

**Court No. 90–01–00018.**

United States Court of International Trade.

June 7, 1990.

---

Donohue and Donohue, James A. Geraghty, New York City, for plaintiffs.

Stuart M. Gerson, Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, U.S. Dept. of Justice, M. Martha Ries, Office of the Chief Counsel for Import Admin., U.S. Dept. of Commerce, Pamela A. Green, Washington, D.C., for defendant.

Sosnov & Associates, Steven R. Sosnov, Norristown, Pa., for movant, PQ Corp.

DiCARLO, Judge.

PQ Corp., the petitioner in the underlying antidumping investigation, moves pursuant to Rule 24(a) of the Rules of this Court and 28 U.S.C. § 2631(j)(1)(B) to intervene as of right in this challenge to the results of an administrative review of an antidumping duty order. Plaintiffs, Rhone Poulenc Inc. and Rhone Poulenc Chimie de Base, oppose intervention, arguing that PQ may not intervene as of right or by leave of the Court because it failed to participate in the administrative review under challenge.

The Court holds that, under 19 C.F.R. § 353.12(i) (1988), the regulation in effect when the administrative review was commenced, PQ is a party to the proceeding and may intervene in the action as of right.

## DISCUSSION

Intervention in an antidumping action is governed by Rule 24 of the Rules of this Court subject to the limitations in 28 U.S.C. § 2631(j). *See Manuli Autoadesivi, S.P.A. v. United States*, 9 CIT 24, 25, 602 F.Supp. 96, 97–98 (1985). The statutory provision limits intervention to "an interested party who was a party to the proceeding in connection with which the matter arose." 28 U.S.C. § 2631(j)(1)(B) (1988).

Plaintiffs argue that PQ is not a party to the proceeding because it did not provide Commerce written submissions during the administrative review as required by 19 C.F.R. § 353.2(o) (1989). That regulation limits the definition of "party to the proceeding" to:

any interested party ... [who] actively participates through written submissions of factual information or written argument, in a particular decision by the Secretary subject to judicial review.

19 C.F.R. § 353.2(o) (1989).

■ PQ states that it monitored and reviewed materials submitted during the review but admits it did not submit any written arguments or responses. Memorandum in Support of Motion to Intervene at 3. Nevertheless, PQ contends that it is a party to the proceedings under 19 C.F.R. § 353.12(i) (1988), which was in effect on March 8, 1989, when the administrative review was initiated. That regulation includes "the petitioner" in the definition of "party to the proceeding." 19 C.F.R. § 353.12(i) (1988). PQ was the petitioner in the underlying antidumping investigation and, as such, qualifies as a party to the proceeding under that regulation.

Whether PQ may intervene hinges upon which of the two regulations governs. 19 C.F.R. § 353.2(*o*) (1989) superceded 19 C.F.R. § 353.12(i) (1988) and went into effect on April 27, 1989, after commencement of the administrative review. Therefore, to apply the new regulation, the Court would have to give it retroactive effect.

The law does not favor retroactivity. *Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 109 S.Ct. 468, 471, 102 L.Ed.2d 493 (1988). Thus, an administrative regulation will not be construed to have retroactive effect unless its language requires such a result. *Id.; see also* K. Culp Davis, Administrative Law Treatise § 7:23 (Supplement 1989) (discussing retroactive rules). The heading to part 353 states that the effective date of the regulation is April 27, 1989. There is nothing in the language of 19 C.F.R. § 353.2(*o*) (1989) to indicate that the Court should give it retroactive effect.

Accordingly, the Court holds that, under 19 C.F.R. § 353.12(i) (1988), the regulation in effect when the administrative review was commenced, PQ is a party to the proceeding and may intervene in the action as of right. Motion to intervene is granted.