MANULI, USA, INC., Plaintiff,

v.

UNITED STATES, Defendant.

MANULI AUTOADESIVI, S.p.A.,
Manuli USA, Inc., Plaintiffs,

v.

UNITED STATES, Defendant,

Minnesota Mining and Manufacturing
Company, Intervenor.

Nos. 82–7–00940, 83–9–01285.

United States Court of
International Trade.

April 9, 1987.

Barnes, Richardson & Colburn (Andrew P. Vance, New York City, on the motion), for plaintiffs.

Richard K. Willard, Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch (J. Kevin Horgan, Washington, D.C., on the motion), for defendant.

RE, Chief Judge:

Plaintiff, Manuli USA, Inc., an importer of pressure sensitive plastic tape (PSPT) from Italy, in Court No. 82–7–00940, challenges the validity of a dumping finding made by the Department of Treasury. 42 Fed.Reg. 56,110 (1977). In the same action, plaintiff contests the subsequent injury determination of the International Trade Commission (ITC).

Pursuant to section 751(a)(1) of the Tariff Act of 1930, as amended by the Trade Agreements Act of 1979, 19 U.S.C. § 1675(a)(1)(1982), on August 5, 1983, the International Trade Administration (ITA) of the Department of Commerce conducted an administrative review of the dumping finding. After the review, the ITA issued a final affirmative injury determination. 48 Fed.Reg. 35,686 (1983).

In a separate action, Court No. 83–9–01285, Manuli, USA, Inc. and its foreign supplier, Manuli Autoadesivi, S.p.A., challenge the ITA's final affirmative injury determination. In their complaint, plaintiffs include a challenge to the injury determination of the ITC and the initial dumping finding of the Department of Treasury. 42 Fed.Reg. 56,110 (1977).

Pursuant to Rule 42(a) of the Rules of this Court, asserting that the two actions possess "common issues of law and fact," plaintiffs move to consolidate the civil actions bearing Court Nos. 82–7–00940 and 83–9–01285. Defendant opposes consolidation, and, for lack of subject matter jurisdiction, cross-moves to sever and dismiss that portion of Court No. 83–9–01285 which challenges the initial dumping finding of the Treasury Department, and the subsequent injury determination of the ITC.

Two questions are presented for decision: (1) whether, under the "transitional" rules of the Trade Agreements Act of 1979, the portion of Court No. 83–9–01285 which pertains to the initial dumping finding should be severed and dismissed for lack of jurisdiction, and (2) whether the two cases present common issues of law and fact so as to warrant consolidation pursuant to Rule 42(a) of the Rules of this Court.

It is the determination of the Court that the plaintiffs' challenge of the initial dumping finding of the Treasury in Court No. 83–9–01285 is untimely, and must be severed and dismissed for lack of subject-matter jurisdiction. It is also determined that consolidation of Court No. 82–7–00940 and Court No. 83–9–01285 is inappropriate, and, therefore, plaintiffs' motion to consolidate is denied.

*Background*

On October 2, 1977, pursuant to the Antidumping Act of 1921, 19 U.S.C. § 160 (1976) (repealed Jan. 1, 1980), the Treasury Department published a dumping finding as to PSPT from Italy. 42 Fed.Reg. 56,110 (1977). Previously, the Treasury Department had determined that PSPT was being sold in the United States at less than fair value, and the ITC had determined that the importation of PSPT was injuring a domestic industry. *Id.* The United States Customs Service assessed dumping duties on PSPT imported from Italy by Manuli, USA, Inc. from March 18, 1977 to February 8, 1978. These entries were liquidated on December 14, 1979. Manuli, USA protested these liquidations, and, after the protests were denied, commenced a timely action in this Court, Court No. 82–7–00940, contesting the dumping finding made by Treasury, as well as the ITC's injury determination.

On January 2, 1980, the Trade Agreements Act of 1979 transferred the authority for administering the antidumping duty law from the Treasury Department to the Department of Commerce. *See* Reorg. Plan No. 3 of 1979, 44 Fed.Reg. 69,273 (1979), *reprinted in* 5 U.S.C.App. at 1171 (1982); Exec. Order No. 12,188, 3 C.F.R. 134 (1981), *reprinted in* 19 U.S.C. § 2171 note (1982). As a result, Commerce reviewed all of the outstanding dumping findings, including those pertaining to PSPT from Italy. 45 Fed.Reg. 20,511 (1980).

On August 5, 1983, the International Trade Administration of the Department of Commerce published the final results of its first administrative review of the dumping finding of PSPT from Italy. 48 Fed. Reg. 35,686 (1983). This review encompassed exports by Manuli Autoadesivi, S.p.A., for the period from April 1, 1979 through September 30, 1980. As a result, the ITA determined that exports of PSPT by Manuli were being dumped at a margin of 0.39 percent *ad valorem.*

On September 6, 1983, Manuli USA, Inc. and Manuli Autoadesivi, S.p.A. commenced Court No. 83–9–01285 to contest the ITA's Final Results of Administrative Review. In their complaint, plaintiffs also chal-

lenged the initial dumping finding made by the Treasury Department, and the ITC's injury determination.

### Motion to Sever and Dismiss

Defendant cross-moves to sever and dismiss the portion of plaintiffs' complaint in Court No. 83–9–01285 which challenges the Treasury Department's 1977 dumping finding of PSPT from Italy. Defendant contends that this Court is "without jurisdiction to entertain plaintiffs' challenge to Treasury's dumping finding in the context of a challenge to the final results of an administrative review."

The transitional rules, set forth in section 1002 of the Trade Agreements Act of 1979, Pub.L. No. 96–39, 93 Stat. 300, *reprinted in* 19 U.S.C. § 1516a note (1982), govern judicial review of administrative determinations as to dumping findings in existence at the time of the enactment of the present antidumping law. Section 1002(b)(3) provides:

(3) *Certain Countervailing and Antidumping Duty Assessments.*—The amendments made by this title shall apply with respect to the review of the assessment of, or failure to assess, any countervailing duty or antidumping duty on entries subject to a countervailing duty order or antidumping finding if the assessment is made after the effective date. If no assessment of such duty had been made before the effective date that could serve the party seeking review as the basis of a review of the underlying determination, made by the Secretary of the Treasury or the International Trade Commission before the effective date, on which such order, finding, or lack thereof is based, then the underlying determination shall be subject to review in accordance with the law in effect on the day before the effective date.

Trade Agreements Act of 1979, Pub.L. No. 96–39, § 1002(b)(3), 93 Stat. 300, *reprinted in* 19 U.S.C. § 1516a Note (1982).

Section 1002(b)(3) makes clear that the amendments are to apply to cases where the assessment occurs after the effective date, January 2, 1980. When the underly-

ing Treasury antidumping determination occurs before the effective date, and the assessment occurs after the effective date, "judicial review of the underlying finding shall proceed without regard to the amendments ... and shall be based upon the law in effect on the day before the effective date...." S.Rep. No. 249, 96th Cong., 1st Sess. 256, *reprinted in* 1979 U.S.Code Cong. & Admin.News 381, 642; *see also* H.R.Rep. No. 317, 96th Cong., 1st Sess. 183 (1979).

As explained in the legislative history: The purpose of this rule is to ensure that determinations which are made prior to the effective date of the bill, and therefore not reviewable in accordance with the provision of this Title, do not escape review entirely. Under current law, determinations by the Secretary and the ITC ... are reviewable only through a challenge to the assessment of or the failure to assess antidumping or countervailing duties. Thus, if a determination is made prior to the effective date, but the first assessment which can serve as the basis for review occurs after the effective date, review of such a determination would not be available under either current law or the bill.

H.R.Rep. No. 317, 96th Cong., 1st Sess. 183 (1979).

In this case, the assessment of dumping duties occurred on December 14, 1979, that is, before the effective date of the Trade Agreements Act of 1979. It is clear, therefore, that review of the underlying determination was available under the Antidumping Act of 1921 and, in fact, plaintiffs filed a timely challenge under that law in Court No. 82–7–00940.

Plaintiffs, however, contend that the challenge of Treasury's determination in Court No. 83–9–01285 should not be severed and dismissed because the transitional rules should be interpreted to refer only to the standard of review rather than to the assessment and protest procedure. The Court finds this contention to be without merit. The Senate Report states that:

*Transitional rules.*—Generally, the bill would provide for judicial review of pend-

ing cases, and cases which were far advanced in the administrative process before the effective date, *to proceed as if the bill had not been enacted into law.* S.Rep. No. 249, 96th Cong., 1st Sess. 255, *reprinted in* 1979 U.S.Code Cong. & Admin.News 381, 641 (emphasis added).

■ It is clear from this language that the transitional rules are to be applied to the assessment and protest procedure as well as the standard of review. Indeed, courts that have applied the transitional rules, often have had occasion to interpret them as to procedural issues. *See, e.g., Alsthom Atlantique & Copenel, Inc. v. United States,* 787 F.2d 565 (Fed.Cir.1986); *Goldsmith & Eggleton v. United States,* 5 CIT 127, 563 F.Supp. 1377 (1983). Indeed, the Federal Circuit has stated that the transitional rules set forth "the proper procedure [the complainant] should follow in obtaining judicial review of an antidumping or countervailing duty determination." *Alsthom Atlantique,* 787 F.2d at 569.

■ Under the Antidumping Act of 1921, judicial review of a Treasury dumping finding could be obtained by filing a timely protest after an assessment of an antidumping duty. If the protest was denied, then the plaintiff had 180 days to file a summons in this court. Manuli, USA, Inc. filed a timely protest after the assessment of dumping duties on December 14, 1979. When the protests were denied on January 8, 1982, Manuli filed a timely summons commencing the action in Court No. 82–7–00940. However, Manuli, USA, Inc. and Manuli Autoadesivi, S.p.A, commenced Court No. 83–9–01285 in September, 1983, and included in the complaint a challenge to the 1977 dumping finding of the Treasury Department. Since the summons was filed more than 180 days after the denial of protest, this challenge was untimely. As has been noted, "adherence to the 180–day filing requirement is an absolute jurisdictional requirement." *Border Brokerage Co. v. United States,* 72 Cust.Ct. 93, 98, C.D. 4508, 372 F.Supp. 1389, 1393 (1974). Thus, the court is without jurisdiction to entertain a challenge to the dumping finding of the Treasury Department in Court

No. 83–9–01285. Accordingly, that portion of plaintiffs' complaint in Court No. 83–9–01285 which challenges Treasury's 1977 dumping finding is severed and dismissed.

### *Motion to Consolidate*

Pursuant to Rule 42(a) of the Rules of this Court, plaintiffs move to consolidate Court No. 82–7–00940 with Court No. 83–9–01285, asserting that the two actions have common questions of law and fact. Rule 42(a) provides:

> (a) *Consolidation.* When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated under a consolidated complaint; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delays.

USCIT R. 42(a).

The authorities are clear that, under this rule, the court has broad discretion whether to grant consolidation. *See* 9 C. Wright & A. Miller, *Federal Practice & Procedure* § 2383 (1971). In support of their motion to consolidate, plaintiffs assert that: "with respect to consolidation, we believe this Court in *Manuli Autoadesivi, S.p.A., et al. v. United States,* 9 CIT ——, 602 F.Supp. 96 (1985) has, in effect, already decided the issue in plaintiff's favor, *i.e.* consolidation should be granted." The *Manuli* case, however, does not support the present motion to consolidate.

In the *Manuli* case, the Court was called upon to decide whether to grant a motion for intervention by leave of court pursuant to 28 U.S.C. § 2631(j) (1982). In the course of deciding that motion, plaintiffs conceded that Manuli Autoadesivi, S.p.A., did not have standing to challenge the 1977 finding. In reviewing the complaint in Court No. 83–9–01285, the Court noted that Manuli, USA had neglected to include the necessary allegations that liquidations had occurred. *Manuli,* 9 CIT ——, 602 F.Supp. at 99. Hence, "in the interests of justice," plaintiffs were permitted "to amend their

complaint to include the necessary jurisdictional allegations." *Id.*

Plaintiffs reason that "[t]o amend the complaint to include the 'necessary jurisdictional allegations' requires consolidation with Court No. 82–7–00940 because that case contains the liquidated entries subject to dumping duties." This is an incorrect and unwarranted interpretation of the Court's statement. Nothing in the *Manuli* opinion suggests that the Court intended to decide a consolidation issue which was not before it. It is beyond dispute that the doctrine of stare decisis is inapplicable to an issue not considered by the court, and little precedential value should be accorded dicta on a collateral issue. As observed by Chief Justice Marshall in *Cohens v. Virginia*, 19 U.S. (6 Wheat.) 264, 399, 5 L.Ed. 257 (1821):

> It is a maxim, not to be disregarded, that general expressions, in every opinion, are to be taken in connection with the case in which those expressions are used. If they go beyond the case, they may be respected, but ought not to control the judgment in a subsequent suit, when the very point is presented for decision. The reason of this maxim is obvious. The question actually before the court is investigated with care, and considered in its full extent. Other principles which may serve to illustrate it, are considered in their relation to the case decided, but their possible bearing on all other cases is seldom completely investigated.

*Id., quoted in* Re, *Stare Decisis,* 79 F.R.D. 509, 512 (1979). Hence, in determining the present motion for consolidation, the Court is examining the propriety of consolidation for the first time.

■ As was observed in the *Manuli* opinion of January 17, 1985, the Antidumping Act of 1921 is the proper law to apply. *Manuli,* 602 F.Supp. at 99. Under the 1921 Act, this Court is required to conduct a trial *de novo* in Court No. 82–7–00940 in order to review Treasury's initial dumping finding. *See Michelin Tire Corp. v. United States,* 82 Cust.Ct. 308, 342, C.R.D. 79–6, 469 F.Supp. 270, 296 (1979). Conversely, the law to be applied in plaintiff's challenge

to Commerce's final results of administrative review in Court No. 83–9–01285, is Title VII of the Tariff Act of 1930. Under Title VII, the appropriate standard of judicial review is a review upon the administrative record. *See* 28 U.S.C. § 1581(c) (1982); 19 U.S.C. § 1516a (1982). The *de novo* proceeding in Court No. 82–7–00940 conceivably would include extensive discovery as well as oral testimony. The *de novo* standard is not the appropriate or applicable standard of review in Court No. 83–9–01285. In view of the different scope and standard of judicial review in each case, it is neither appropriate nor in the interest of judicial economy to consolidate these cases.

For the foregoing reasons, it is

ORDERED that plaintiffs' motion to consolidate Court No. 82–7–00940 with Court No. 83–9–01285 is denied. It is also

ORDERED that defendants' cross-motion to sever and dismiss that part of plaintiffs' complaint in Court No. 83–9–01285, which contests the Treasury's 1977 dumping finding, is granted.