ZENITH ELECTRONICS CORP., PLAINTIFF, AND UNITED ELECTRICAL WORKERS OF AMERICA, INDEPENDENT, THE INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, THE INTERNATIONAL UNION OF ELECTRONIC, ELECTRICAL, SALARIED, MACHINE AND FURNITURE WORKERS, AND THE INDUSTRIAL UNION DEPARTMENT, AFL-CIO, PLAINTIFF-INTERVENORS v. UNITED STATES, DEFENDANT, AMD FUJITSU GENERAL LTD., NEC HOME ELECTRONICS, LTD., NEC TECHNOLOGIES, INC., FUNAI ELECTRIC CO., MITSUBISHI ELECTRIC CORP., MITSUBISHI ELECTRIC SALES AMERICA, INC., SHARP CORP., AND SHARP ELECTRONICS CORP., DEFENDANT-INTERVENORS

Court No. 89-09-00514

MITSUBISHI ELECTRIC CORP., MITSUBISHI ELECTRIC SALES AMERICA, INC., PLAINTIFFS v. UNITED STATES, DEFENDANT, AND ZENITH ELECTRONICS CORP., DEFENDANT-INTERVENOR

Court No. 89-10-00545

NEC HOME ELECTRONICS, LTD. AND NEC HOME ELECTRONICS (USA), INC. PLAINTIFFS v. UNITED STATES, DEFENDANT, AND ZENITH ELECTRONICS CORP., DEFENDANT-INTERVENOR

Court No. 89-09-00535

SHARP CORP. AND SHARP ELECTRONICS CORP., PLAINTIFFS v. UNITED STATES, DEFENDANT, AND ZENITH ELECTRONICS CORP., DEFENDANT-INTERVENOR

Court No. 89-09-00541

(Dated November 14, 1991)

*Frederick L. Ikenson, P.C.* (*Frederick L. Ikenson*) for plaintiff Zenith Electronics Corporation.

*Collier, Shannon & Scott* (*Paul D. Cullen, Laurence J. Lasoff* and *Mary J. Staley*) for plaintiff-intervenors United Electrical Workers of America, *et al.*

*Stuart M. Gerson*, Assistant Attorney General; *David M. Cohen*, Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (*Velta A. Melnbrencis*); Office of the Chief Counsel for Import Administration, U.S. Department of Commerce (*Joan L. Mackenzie*), of counsel, for defendant.

*Siegel, Mandell & Davidson* (*Brian S. Goldstein*) for defendant-intervenors Fujitsu General Ltd. and Funai Electric Company.

*Paul, Weiss, Rifkind, Wharton & Garrison* (*Robert E. Montgomery, Jr.* and *Frank J. Schuchat*) for defendant-intervenors NEC Home Electronics, Ltd. *et al.*

*Baker & McKenzie* (*Thomas P. Ondeck* and *Kevin M. O'Brien*) for defendant-intervenors Mitsubishi Electric Corporation *et al.*

*Donovan, Leisure, Newton & Irvine* (*Peter J. Gartland* and *Thomas R. Trowbridge, III*) for defendant-intervenors Sharp Corporation *et al.*

## MEMORANDUM OPINION AND ORDER

MUSGRAVE, *Judge*: The United States has moved to consolidate Court Numbers 89-09-00514, 89-10-00545, 89-09-00535, 89-09-00541. Ze-

nith consents to the motion and has filed a response in support of the consolidation. The United Electrical Workers, *et al.*, Fujitsu General Ltd., and Funai Electric Co., Ltd. also consent to consolidation. NEC, Mitsubishi and Sharp oppose the motion. The Court finds that the administrative difficulties posed by consolidation outweigh the benefits to be derived from it, and denies the motion.

Defendant's motion is filed under Rule 42(a) of this Court which states

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated under a consolidated complaint; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

The rule gives the court broad discretion to grant or deny consolidation. *Manuli, USA, Inc. v. United States*, 11 CIT 272, 277, 659 F. Supp. 244, 247 (1987).

Each of the cases defendant seeks to consolidate concerns the Department of Commerce determination in *Television Receivers, Monochrome and Color, From Japan; Final Results of Antidumping Duty Administrative Review and Determination Not to Revoke in Part*, 54 Fed. Reg. 35,517 (Aug. 28, 1989). Each case seeks review of Commerce's calculation of dumping margins. The government argues that consolidation is therefore appropriate.

Zenith argues in support of the motion that the Mitsubishi, NEC and Sharp cases challenge the margins determined by Commerce in the order as too high. Zenith's case asserts that the margins for Mitsubishi and NEC are too low. The issues in the Zenith case must be resolved before final relief would be possible on remand in the other cases, Zenith maintains.

The cases, through related, are distinct. Sharp contests the use of best information available to determine its antidumping margin NEC and Mitsubishi challenge the details of the computations used by Commerce. Zenith also challenges the details of Commerce's computations of the Mitsubishi and NEC margins, but the specific aspects challenged differ among the cases. In addition, the review periods at issue are different for each of the cases.[1]

The large number of parties and issues, many of which are not common to all of the cases, weighs against consolidation. The burden of briefing and responding to motions rises disproportionately with the proliferation of parties and issues. Currently, the interests of the parties are reflected in the styling of the cases. Opening all of the issues to briefing by every party would unnecessarily complicate disposition of the cases.

---

[1] The review periods at issue in Mitsubishi fell between April 1983 and February 1985; in NEC, between April 1983 and February 1987; those at issue in Sharp fell between April 1980 and March 1981.

Further, the procedural postures of the cases vary. Sharp's Rule 56.1 motion for judgment on the agency record is pending and now ripe for decision. Consolidation of that case with the others would slow its resolution. Conversely, the Mitsubishi case is stayed pending decision of Zenith. An outcome adverse to Zenith in the Zenith case could render the Mitsubishi case moot.

The Court concludes that the interests of judicial economy will be better served if the cases are not consolidated. Accordingly, the Court, in its discretion, denies defendant's motion to consolidate.