FEDERAL–MOGUL CORPORATION, Plaintiff,

The Torrington Company, Plaintiff–Intervenor,

v.

UNITED STATES, Defendant,

SKF USA Inc. and SKF (U.K.) Limited, Defendants–Intervenors.

RHP BEARINGS, et al., Plaintiffs,

v.

UNITED STATES, Defendant,

The Torrington Company; Federal–Mogul Corporation, Defendants–Intervenors.

The TORRINGTON COMPANY, Plaintiff,

Federal–Mogul Corporation, Plaintiff–Intervenor,

v.

UNITED STATES, Defendant,

SKF USA Inc. and SKF (U.K.) Limited, Defendants–Intervenors.

Court Nos. 91–07–00528, 91–08–00560 and 91–08–00570.

United States Court of International Trade.

March 31, 1992.

Frederick L. Ikenson, P.C., Frederick L. Ikenson, J. Eric Nissley, Joseph A. Perna, V and Larry Hampel, Washington, D.C., for plaintiff, plaintiff-intervenor and defendant-intervenor Federal–Mogul Corp.

Stewart and Stewart, Eugene L. Stewart, Terence P. Stewart, James R. Cannon, Jr., William A. Fennell, Wesley K. Caine, Christopher J. Callahan, Myron A. Brilliant, Geert De Prest, Margaret E.O. Edozien, Robert A. Weaver and Amy S. Dwyer, Washington, D.C., for plaintiff, plaintiff-intervenor and defendant-intervenor The Torrington Co.

Covington & Burling, Harvey M. Applebaum, David R. Grace and Thomas O. Barnett, Washington, D.C., for plaintiff RHP Bearings, et al.

Stuart M. Gerson, Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, Civ. Div., U.S. Dept. of Justice, Velta A. Melnbrencis and Jane E. Meehan, Washington, D.C. (of counsel: Dean A. Pinkert, Atty.–Advisor, Office of the Chief Counsel for Import Admin., U.S. Dept. of Commerce), for defendant U.S.

Howrey & Simon, Herbert C. Shelley, Scott A. Scheele, Alice A. Kipel and Thomas Trendl, Washington, D.C., for defen-

dants-intervenors SKF USA Inc. and SKF (U.K.) Ltd.

## OPINION AND ORDER

TSOUCALAS, Judge:

Defendant has moved to consolidate Court Nos. 91–07–00528, 91–08–00560 and 91–08–00570 under the name of *Federal–Mogul Corporation v. United States*, Consol. Court No. 91–07–00528.

The Torrington Company ("Torrington") opposes the motion insofar as it would consolidate Court No. 91–08–00570, where Torrington is plaintiff, with the other cases at issue here. No other parties have responded to defendant's motion.

Defendant's motion is filed under Rule 42(a) of this Court which states:

When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated under a consolidated complaint; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

The rule gives the court broad discretion to grant or deny consolidation. *Manuli, USA, Inc. v. United States*, 11 CIT 272, 277, 659 F.Supp. 244, 247 (1987).

The three cases which defendant seeks to consolidate challenge the final determination of the Department of Commerce, International Trade Administration's ("ITA") calculation of dumping margins in the first administrative review of the antidumping duty order covering antifriction bearings (other than tapered roller bearings) and parts thereof from the United Kingdom. *Antifriction Bearings (Other Than Tapered Roller Bearings) and Parts Thereof From the United Kingdom; Final Results of Antidumping Duty Administrative Reviews*, 56 Fed.Reg. 31,769 (1991).

Defendant argues that since the same administrative record and final determination are at issue in these cases, consolidation would promote judicial efficiency. Also, defendant argues that consolidation will allow timely and final resolution of all issues in each of these cases in order to determine the final dumping margins to be applied and provide ultimate relief to all parties.

Torrington opposes consolidation of Court No. 91–08–00570 because it believes that there has been no showing by defendant of common issues of law or fact in these cases, no showing that defendant would be injured by denial of consolidation, and because consolidation would inconvenience Torrington because its interests conflict with plaintiff RHP Bearings, *et al.* ("RHP") in Court No. 91–07–00560.

Although the cases are clearly related, they are distinct. Of the eleven issues raised by plaintiff Federal–Mogul and the nine issues raised by plaintiff Torrington, two can be considered identical. Plaintiff RHP's case challenges two clerical errors made by ITA upon which ITA has asked for a remand.

The large number of issues which are not common to all the cases weigh against consolidation of these cases. *Zenith Elecs. Corp. v. United States*, 15 CIT ——, ——, Slip Op. 91–98, 1991 WL 243320 (Nov. 14, 1991) at 5. In addition, there has been no showing that denying consolidation would injure defendant. However, consolidation could prejudice plaintiffs Federal–Mogul and Torrington's cases by making them both a plaintiff and a defendant in the consolidated case. This is a situation generally to be avoided. *Atkinson v. Roth*, 297 F.2d 570, 575 (3rd Cir.1961). Therefore, defendant's motion to consolidate these cases is denied.