FEDERAL–MOGUL CORPORATION,
Plaintiff,

The Torrington Company,
Plaintiff–Intervenor,

v.

UNITED STATES, Defendant,

NTN Bearing Corporation of America, American NTN Bearing Manufacturing Corporation and NTN Corporation; Koyo Seiko Co., Ltd. and Koyo Corporation of U.S.A.; Peer Bearing Company; NSK Ltd. and NSK Corporation, Defendants–Intervenors. ˙

NIPPON PILLOW BLOCK SALES CO., LTD. and FYH Bearing Units USA, Inc., Plaintiff,

v.

UNITED STATES, Defendant,

The Torrington Company; Federal–Mogul Corporation, Defendants–Intervenors.

The TORRINGTON COMPANY,
Plaintiff,

Federal–Mogul Corporation,
Plaintiff–Intervenor,

v.

UNITED STATES, Defendant,

NSK Ltd. and NSK Corporation; NTN Bearing Corporation of America, American NTN Bearing Manufacturing Corporation and NTN Corporation; Caterpillar Inc.; Koyo Seiko Co., Ltd. and Koyo Corporation of U.S.A.; Minebea Co., Ltd. and NMB Corporation; Peer Bearing Company, Defendants–Intervenors.

NTN BEARING CORPORATION OF AMERICA, American NTN Bearing Manufacturing Corp. and NTN Corporation, Plaintiffs,

v.

UNITED STATES, Defendant,

The Torrington Company; Federal–Mogul Corporation, Defendants–Intervenors.

NSK LTD. and NSK Corporation,
Plaintiffs,

v.

UNITED STATES, Defendant,

The Torrington Company; Federal–Mogul Corporation, Defendants–Intervenors.

PEER BEARING COMPANY, Plaintiff,

v.

UNITED STATES, Defendant,

The Torrington Company; Federal–Mogul Corporation, Defendants–Intervenors.

GENERAL ELECTRIC COMPANY,
Plaintiff,

v.

UNITED STATES, Defendant,

The Torrington Company; Federal–Mogul Corporation, Defendants–Intervenors.

KOYO SEIKO CO., LTD. and
Koyo Corporation of
U.S.A., Plaintiffs,

v.

The UNITED STATES and the United States Department of Commerce, Defendants,

The Torrington Company; Federal–Mogul Corporation, Defendants–Intervenors.

NACHI–FUJIKOSHI CORPORATION and Nachi America, Inc., Plaintiffs,

v.

UNITED STATES, Defendant,

The Torrington Company; Federal–Mogul Corporation, Defendants–Intervenors.

Court Nos. 91–07–00530, 91–08–00555, 91–08–00569, 91–08–00577, 91–08–00578, 91–08–00580, 91–08–00588, 91–08–00591 and 91–08–00595.

United States Court of
International Trade.

March 31, 1992.

Frederick L. Ikenson, P.C., Frederick L. Ikenson, J. Eric Nissley, Joseph A. Perna, V and Larry Hampel, Washington, D.C., for plaintiff, plaintiff-intervenor and defendant-intervenor Federal–Mogul Corp.

Stewart and Stewart, Eugene L. Stewart, Terence P. Stewart, James R. Cannon, Jr., Wesley K. Caine, Christopher J. Callahan, Geert De Prest, Margaret E.O. Edozien, John M. Breen, Lane S. Hurewitz and Amy S. Dwyer, Washington, D.C., for plaintiff, plaintiff-intervenor and defendant-intervenor The Torrington Co.

Tanaka Ritger & Middleton, H. William Tanaka and John J. Kenkel, Washington, D.C., for plaintiffs Nippon Pillow Block Sales Co., Ltd. and FYH Bearing Units USA, Inc.

Barnes, Richardson & Colburn, Robert E. Burke, Donald J. Unger, Kazumune V. Kano and Diane A. MacDonald, Chicago, Ill., for plaintiffs and defendants-intervenors NTN Bearing Corp. of America, American NTN Bearing Mfg. Corp. and NTN Corp.

Coudert Brothers, Robert A. Lipstein, Matthew P. Jaffe and Nathan V. Holt, Washington, D.C., for plaintiffs and defendants-intervenors NSK Ltd. and NSK Corp.

Venable, Baetjer, Howard & Civiletti, John M. Gurley, John C. Dibble and Lindsay B. Meyer, Washington, D.C., for plaintiff and defendant-intervenor Peer Bearing Co.

McKenna & Cuneo, Peter Buck Feller and Lawrence J. Bogard, Washington, D.C., for plaintiff General Elec. Co.

Powell, Goldstein, Frazer & Murphy, Peter O. Suchman, Neil R. Ellis, Susan E. Silver, Niall P. Meagher and T. George Davis, Jr., Washington, D.C., for plaintiffs and defendants-intervenors Koyo Seiko Co., Ltd. and Koyo Corp. of U.S.A.

O'Melveny & Myers, Greyson L. Bryan, Erwin P. Eichmann, Greta L.H. Lichtenbaum and Bruce R. Hirsh, Washington, D.C., for plaintiffs Nachi–Fujikoshi Corp. and Nachi America, Inc.

Stuart M. Gerson, Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, Civ. Div., U.S. Dept. of Justice, Velta A. Melnbrencis and Jane E. Meehan, Washington, D.C. (of counsel: Dean A. Pinkert, Stephen J. Claeys and Craig R. Giesse, Atty.–Advisors, Office of the Chief Counsel for Import Admin., U.S. Dept. of Commerce), for defendant U.S.

Powell, Goldstein, Frazer & Murphy, Richard M. Belanger and Neil R. Ellis, Washington, D.C., for defendant-intervenor Caterpillar Inc.

Tanaka Ritger & Middleton, H. William Tanaka, Michele N. Tanaka and Michael J. Brown, Washington, D.C., for defendants-intervenors Minebea Co., Ltd. and NMB Corp.

## OPINION AND ORDER

TSOUCALAS, Judge:

Defendant has moved to consolidate Court Nos. 91–07–00530, 91–08–00555, 91–08–00569, 91–08–00577, 91–08–00578, 91–08–00580, 91–08–00588, 91–08–00591 and 91–08–00595 under the name *Federal–Mog-*

*ul Corporation v. United States,* Consol. Court No. 91–07–00530.

The Torrington Company ("Torrington") opposes the motion insofar as it would consolidate Court No. 91–08–00569, where Torrington is the plaintiff, with the other cases at issue here. NTN Bearing Corporation of America, American NTN Bearing Manufacturing Corporation and NTN Corporation (collectively "NTN") takes no position in regard to the consolidation of these cases. No other parties have responded to defendant's motion.

Defendant's motion is filed under Rule 42(a) of this Court which states:

When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated under a consolidated complaint; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

The rule gives the court broad discretion to grant or deny consolidation. *Manuli, USA, Inc. v. United States,* 11 CIT 272, 277, 659 F.Supp. 244, 247 (1987).

The nine cases which defendant seeks to consolidate challenge the final determination of the Department of Commerce, International Trade Administration's calculation of dumping margins in the first administrative review of the antidumping duty order covering antifriction bearings (other than tapered roller bearings) and parts thereof from Japan. *Antifriction Bearings (Other Than Tapered Roller Bearings) and Parts Thereof From Japan; Final Results of Antidumping Duty Administrative Reviews,* 56 Fed.Reg. 31,754 (1991).

Defendant argues that since the same administrative record and final determination are at issue in these cases, consolidation would promote judicial efficiency. Also, defendant argues that consolidation will allow timely and final resolution of all issues in each of these cases in order to determine the final dumping margins to be applied and provide ultimate relief to all parties.

Torrington opposes consolidation of Court No. 91–08–00569 because it believes that there has been no showing by defendant of common issues of law or fact in these cases, no showing that defendant would be injured by denial of consolidation, and because consolidation would inconvenience Torrington because its interests conflict with plaintiffs NTN, Nippon Pillow Block Sales Co., Ltd. and FYH Bearing Units USA, Inc., NSK Ltd. and NSK Corporation ("NSK"), Peer Bearing Company ("Peer"), General Electric Company ("G.E."), Koyo Seiko Co., Ltd. and Koyo Corporation of U.S.A. ("Koyo") and Nachi-Fujikoshi Corporation and Nachi America, Inc. ("Nachi") in Court Nos. 91–08–00555, 91–08–00577, 91–08–00578, 91–08–00580, 91–08–00588, 91–08–00591 and 91–08–00595.

Although the cases are clearly related, they are distinct. Of all the issues raised in the nine cases: three issues are similar in plaintiffs NSK, NTN and Koyo's cases; two issues are similar in plaintiffs Federal-Mogul and Torrington's cases; one issue is similar in plaintiffs NSK, NTN, Koyo and Peer's cases; one issue is similar in plaintiffs Torrington and Koyo's cases and one issue is similar in plaintiffs NTN and G.E.'s cases. Indeed, most of the cases have no issues in common.

The large number of issues which are not common to all the cases weigh against consolidation of these cases. *Zenith Elecs. Corp. v. United States,* 15 CIT ——, ——, Slip Op. 91–98, 1991 WL 243320 (Nov. 14, 1991) at 5. In addition, there has been no showing that denying consolidation would injure defendant. However, consolidation could prejudice the cases of various plaintiffs by making them both a plaintiff and a defendant in the consolidated case. This is a situation generally to be avoided. *Atkinson v. Roth,* 297 F.2d 570, 575 (3rd Cir. 1961). Therefore, defendant's motion to consolidate these cases is denied.