FEDERAL-MOGUL CORP., PLAINTIFF, AND TORRINGTON CO., PLAINTIFF-INTERVENOR *v.* UNITED STATES, DEFENDANT, AND SKF USA INC. SKF FRANCE, S.A., SNR ROULEMENTS, SNR BEARINGS, USA, INC., AEROSPATIALE DIVISION HELICOPTERES, AND AEROSPATIALE HELICOPTER CORP., DEFENDANT-INTERVENORS

Court No. 91–07–00531

Court No. 91–08–00562

ALLIED-SIGNAL AEROSPACE CO., GARRETT ENGINE DIVISION, AND GARRETT AUXILIARY POWER DIVISION, PLAINTIFF *v.* UNITED STATES, DEFENDANT, AND TORRINGTON CO. AND FEDERAL-MOGUL CORP., DEFENDANT-INTERVENORS

Court No. 91–08–00571

(Dated March 31 , 1992)

*Frederick L. Ikenson, P.C. (Frederick L. Ikenson, J. Eric Nissley, Joseph A. Perna, V* and *Larry Hampel)* for plaintiff, plaintiff-intervenor and defendant-intervenor Federal-Mogul Corporation.

*Stewart and Stewart (Eugene L. Stewart, Terence P. Stewart, James R. Cannon, Jr., William A. Fennell, Wesley K. Caine, Christopher J. Callahan, Mvron A. Brilliant, Geert De Prest, Margaret E.O. Edozien, Robert A. Weaver* and *Amy S. Dwyer)* for plaintiff, plaintiff-intervenor and defendant-intervenor The Torrington Company.

*Adduci, Mastriani, Meeks & Schill (Louis S. Mastriani, Barbara A. Murphy, Gregory C. Anthes* and *Ralph H. Sheppard)* for plaintiff Allied-Signal Aerospace Company, Garrett Engine Division and Garrett Auxiliary Power Division.

*Stuart M. Gerson,* Assistant Attorney General; *David M. Cohen,* Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (*Velta A. Melnbrencis* and

*Jane E. Meehan*); of counsel: *Dean A. Pinkert, Stephen J. Claeys* and *D. Michael Kaye*, Attorney-Advisors, Office of the Chief Counsel for Import Administration, U.S. Department of Commerce, for defendant.

*Howrey & Simon* (*Herbert C. Shelley, Scott A. Scheele, Alice A. Kipel* and *Thomas Trendl*) for defendant-intervenor SKF USA Inc. and SKF FRANCE, S.A.

*Rogers & Wells* (*William Silverman* and *Ryan Trainer*) for defendant-intervenor Aerospatiale Division Helicopteres and Aerospatiale Helicopter Corporation.

*Donovan, Leisure, Newton & Irvine* (*Pierre F. de Ravel d'Esclapon, David S. Versfelt* and *Christopher K. Tahbaz*) for defendant-intervenor SNR Roulements and SNR Bearings, USA, Inc.

## OPINION AND ORDER

TSOUCALAS, *Judge:* Defendant has moved to consolidate Court Nos. 91–07–00531, 91–08–00562 and 91–08–00571 under the name of *Federal-Mogul Corporation v. United States,* Consol. Court No. 91–07–00531.

The Torrington Company ("Torrington") opposes the motion insofar as it would consolidate Court No. 91–08–00562, where Torrington is plaintiff, with the other cases at issue here. Plaintiff Allied-Signal Aerospace Company, Garrett Engine Division and Garrett Auxiliary Power Division (collectively "Allied-Signal") also opposes consolidation. No other parties have responded to defendant's motion.

Defendant's motion is filed under Rule 42(a) of this Court which states:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated under a consolidated complaint; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

The rule gives the court broad discretion to grant or deny consolidation. *Manuli, USA, Inc. v. United States,* 11 CIT 272, 277, 659 F. Supp. 244, 247 (1987).

The three cases which defendant seeks to consolidate challenge the final determination of the Department of Commerce, International Trade Administration's ("ITA") calculation of dumping margins in the first administrative review of the antidumping duty order covering antifriction bearings (other than tapered roller bearings) and parts thereof from France. *Antifriction Bearings (Other Than Tapered Roller Bearings) and Parts Thereof From France; Final Results of Antidumping Duty Administrative Reviews,* 56 Fed. Reg. 31,748 (1991).

Defendant argues that since the same administrative record and final determination are at issue in these cases, consolidation would promote judicial efficiency. Also, defendant argues that consolidation will allow timely and final resolution of all issues in each of these cases in order to determine the final dumping margins to be applied and provide ultimate relief to all parties.

Torrington opposes consolidation of Court No. 91–08–00562 because it believes that there has been no showing by defendant of common issues of law or fact in these cases, no showing that defendant would be

injured by denial of consolidation, and because consolidation would inconvenience Torrington because its interests conflict with plaintiff Allied-Signal in Court No. 91–07–00571.

Allied-Signal opposes consolidation of Court No. 91–08–00571 because its case deals solely with ITA's use of best information available with respect to exports of antifriction bearings from plaintiff's French supplier. Allied-Signal points out that there are no issues in common, much less identical, between their case and the other cases at issue here.

Although the cases are clearly related, they are distinct. Of the eleven issues raised by plaintiff Federal-Mogul and the eleven issues raised by plaintiff Torrington, two can be considered identical. Plaintiff Allied-Signal's case presents no common issues of law or fact with the other cases.

The large number of issues which are not common to all the cases weigh against consolidation of these cases. *Zenith Elecs. Corp. v. United States*, 15 CIT 539, 540, Slip Op. 91–98 (Nov. 14, 1991) at 5. In addition, there has been no showing that denying consolidation would injure defendant. However, consolidation could prejudice plaintiffs Federal-Mogul and Torrington's cases by making them both a plaintiff and a defendant in the consolidated case. This is a situation generally to be avoided. *Atkinson v. Roth*, 297 F.2d 570, 575 (3rd Cir. 1961). There is no basis for consolidation of Allied-Signal's case since no common issues of law or fact exist. Therefore, defendant's motion to consolidate these cases is denied.