FEDERAL-MOGUL CORP., PLAINTIFF, AND TORRINGTON CO., PLAINTIFF-INTERVENOR *v*. UNITED STATES, DEFENDANT, AND SKF USA INC., SKF INDUSTRIE, S.P.A., FAG CUSCINETTI S.P.A., DEFENDANT-INTERVENORS

Court No. 91–07–00532

Court No. 91–08–00568

(Dated March 31, 1992)

*Frederick L. Ikenson, P.C.* (*Frederick L. Ikenson, J. Eric Nissley, Joseph A. Perna, V* and *Larry Hampel*) for plaintiff and plaintiff-intervenor Federal-Mogul Corporation.
*Stewart and Stewart* (*Eugene L. Stewart, Terence P. Stewart, James R. Cannon, Jr., Wesley K. Caine, Christopher J. Callahan, Geert De Prest, Margaret E.O. Edozien, Robert*

*A. Weaver, Myron A. Brilliant* and *Amy S. Dwyer*) for plaintiff and plaintiff-intervenor The Torrington Company.

*Stuart M. Gerson,* Assistant Attorney General; *David M. Cohen,* Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (*Velta A. Melnbrencis* and *Jane E. Meehan*); of counsel: *Dean A. Pinkert, Stephen J. Claeys, Douglas S. Cohen* and *D. Michael Kaye,* Attorney-Advisors, Office of the Chief Counsel for Import Administration, U.S. Department of Commerce, for defendant.

*Howrey & Simon* (*Herbert C. Shelley, Scott A. Scheele, Alice A. Kipel* and *Thomas Trendl*) for defendant-intervenor SKF USA Inc. and SKF Industrie, S.p.A.

*Grunfeld, Desiderio, Lebowitz & Silverman* (*Max F. Schutzman, David L. Simon* and *Andrew B. Schroth*) for defendant-intervenor FAG Cuscinetti SpA.

## OPINION AND ORDER

TSOUCALAS, *Judge:* Defendant has moved to consolidate Court Nos. 91–07–00532 and 91–08–00568 under the name of *Federal-Mogul Corporation v. United States,* Consol. Court No. 91–07–00532.

The Torrington Company ("Torrington") opposes the motion. No other parties have responded to defendant's motion.

Defendant's motion is filed under Rule 42(a) of this Court which states:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated under a consolidated complaint; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

The rule gives the court broad discretion to grant or deny consolidation. *Manuli, USA, Inc. v. United States,* 11 CIT 272, 277, 659 F. Supp. 244, 247 (1987).

The two cases which defendant seeks to consolidate challenge the final determination of the Department of Commerce, International Trade Administration's calculation of dumping margins in the first administrative review of the antidumping duty order covering antifriction bearings (other than tapered roller bearings) and parts thereof from Italy. *Antifriction Bearings (Other Than Tapered Roller Bearings) and Parts Thereof From Italy; Final Results of Antidumping Duty Administrative Reviews,* 56 Fed. Reg. 31,751 (1991).

Defendant argues that since the same administrative record and final determination are at issue in these cases, consolidation would promote judicial efficiency. Also, defendant argues that consolidation will allow timely and final resolution of all issues in each of these cases in order to determine the final dumping margins to be applied and provide ultimate relief to all parties.

Torrington opposes consolidation because it believes that there has been no showing by defendant of common issues of law or fact in these cases, or that defendant would be injured by denial of consolidation.

Although the cases are clearly related, they are distinct. Of the eleven issues raised by plaintiff Federal-Mogul and the eight issues raised by plaintiff Torrington, two can be considered identical.

The large number of issues which are not common to all the cases weigh against consolidation of these cases. *Zenith Elecs. Corp. v. United States*, 15 CIT 539, 540, Slip Op. 91–98 (Nov. 14, 1991) at 5. In addition, there has been no showing that denying consolidation would injure defendant. Therefore, defendant's motion to consolidate these cases is denied.