**FEDERAL–MOGUL CORPORATION,**
Plaintiff,

**The Torrington Company,**
**Plaintiff–Intervenor,**

v.

**The UNITED STATES, Defendant,**

and Barden Precision Bearings Corporation; RHP Bearings and RHP Bearings Inc.; Peer Bearing Company; Koyo Seiko Co., Ltd. and Koyo Corporation of U.S.A., Defendants–Intervenors.

FEDERAL–MOGUL CORPORATION,
Plaintiff,

The Torrington Company,
Plaintiff–Intervenor,

v.

The UNITED STATES, Defendant,

SKF USA Inc. and SKF Sverige, AB, Defendants–Intervenors.

FEDERAL–MOGUL CORPORATION,
Plaintiff,

The Torrington Company,
Plaintiff–Intervenor,

v.

The UNITED STATES, Defendant,

SKF USA Inc. and SKF Industrie, S.p.A., Defendants–Intervenors.

FEDERAL–MOGUL CORPORATION,
Plaintiff,

The Torrington Company,
Plaintiff–Intervenor,

v.

The UNITED STATES, Defendant,

NTN Bearing Corporation of America, American NTN Bearing Manufacturing Corporation and NTN Corporation; Koyo Seiko Co., Ltd. and Koyo Corporation of U.S.A., Defendants–Intervenors.

FEDERAL–MOGUL CORPORATION,
Plaintiff,

The Torrington Company,
Plaintiff–Intervenor,

v.

The UNITED STATES, Defendant,

SKF USA Inc. and SKF France S.A.,
Defendants–Intervenors.

FEDERAL–MOGUL CORPORATION,
Plaintiff,

The Torrington Company,
Plaintiff–Intervenor,

v.

The UNITED STATES, Defendant,

SKF USA Inc. and SKF GmbH; NTN Bearing Corporation of America and NTN Kugellagerfabrik (Deutschland) GmbH, Defendants–Intervenors.

FEDERAL–MOGUL CORPORATION,
Plaintiff,

The Torrington Company,
Plaintiff–Intervenor,

v.

The UNITED STATES, Defendant,

SKF USA Inc. and SKF (U.K.) Limited,
Defendants–Intervenors.

Nos. 92–06–00422, 92–07–00506 to 92–07–00509, 92–07–00518 and 92–07–00519.

United States Court of
International Trade.

Nov. 5, 1992.

See also 809 F.Supp. 99.

**104**

Frederick L. Ikenson, P.C., Frederick L. Ikenson, J. Eric Nissley, Joseph A. Perna, V and Larry Hampel, Washington, DC, for plaintiff Federal–Mogul Corp.

Stewart and Stewart, Eugene L. Stewart, Terence P. Stewart, James R. Cannon, Jr., Wesley K. Caine, and Robert A. Weaver, Washington, DC, for plaintiff-intervenor The Torrington Co.

Stuart M. Gerson, Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, Civ. Div., U.S. Dept. of Justice, Marc E. Montalbine (Stephen J. Claeys, Craig R. Giesze and Dean A. Pinkert, Attorney–Advisors, Office of the Chief Counsel for Import Admin., U.S. Dept. of Commerce, Washington, DC, of counsel), for defendant.

Howrey & Simon, Herbert C. Shelley, Alice A. Kipel, Juliana M. Cofrancesco and Thomas J. Trendl, Washington, DC, for defendants-intervenors SKF USA Inc., SKF France S.A., SKF GmbH, SKF Industrie, S.p.A., SKF (U.K.) Ltd. and SKF Sverige, AB.

Covington & Burling, Harvey M. Applebaum and David R. Grace, Washington, DC, for defendants-intervenors RHP Bearings and RHP Bearings Inc.

Venable, Baetjer, Howard & Civiletti, John M. Gurley and Lindsay B. Meyer, Washington, DC, for defendant-intervenor Peer Bearing Co.

Powell, Goldstein, Frazer & Murphy, Peter O. Suchman, Neil R. Ellis and T. George Davis, Washington, DC, for defendants-intervenors Koyo Seiko Co., Ltd. and Koyo Corp. of U.S.A.

Grunfeld, Desiderio, Lebowitz & Silverman, Max F. Schutzman and Andrew B. Schroth, New York City, for defendants-intervenors FAG Kugelfischer Georg Schafer KGaA, FAG Cuscinetti SpA, FAG (UK) Ltd., Barden Corp. (UK) Limited, FAG Bearings Corp. and Barden Precision Bearings Corp.

Barnes, Richardson & Colburn, Robert E. Burke, Donald J. Unger, Kazumune V. Kano and Diane A. MacDonald, Chicago, IL, for defendants-intervenors NTN Bearing Corp. of America, American NTN Bearing Mfg. Corp., NTN Kugellagerfabrik (Deutschland) GmbH and NTN Corp.

## OPINION

TSOUCALAS, Judge:

Plaintiff, Federal–Mogul Corporation ("Federal–Mogul"), moves pursuant to Rule 42(a) of the Rules of this Court to consolidate Court Nos. 92–06–00422, 92–07–00506, 92–07–00507, 92–07–00508, 92–07–00509, 92–07–00518 and 92–07–00519 under the name *Federal–Mogul Corp. v. United States*, Consol. Court No. 92–06–00422.

Federal–Mogul argues that consolidation of these cases is warranted because these cases challenge the Department of Commerce, International Trade Administration's ("ITA") final results in the second administrative review of imports of antifriction bearings from six of the nine countries subject to various antidumping duty orders. *Antifriction Bearings (Other Than Tapered Roller Bearings) and Parts Thereof From France; et. al; Final Results of Antidumping Duty Administrative Reviews* ("*Final Results*"), 57 Fed. Reg. 28,360 (1992). In this administrative review the ITA issued only one notice of the Final Results which covered all the countries and imports subject to the contested review. *Id.*

As a result, Federal–Mogul initially filed one case challenging the Final Results for the six countries for which Federal–Mogul wishes to obtain judicial review. In order to protect itself procedurally, Federal–Mogul also filed six separate actions covering the Final Results for each of the six countries for which Federal–Mogul has an interest in obtaining judicial review. Federal–Mogul now wishes to consolidate all seven cases.

The global action commenced by Federal–Mogul covering all six countries contains all of the allegations contained in the

six separate country specific actions filed by Federal–Mogul. *Plaintiff's Motion to Consolidate* at 3–4.

Defendant–intervenors, FAG Kugelfischer Georg Schafer KGaA, FAG Cuscinetti SpA, FAG (UK) Limited, Barden Corporation (UK) Limited, FAG Bearings Corporation, Barden Precision Bearings Corporation, RHP Bearings and RHP Bearings Inc., SKF USA Inc., SKF France S.A., SKF GmbH, SKF Industrie, S.p.A., SKF (U.K.) Limited and SKF Sverige, AB, support Federal–Mogul's motion to consolidate these actions. Defendant–intervenors NTN Bearing Corporation of America, American NTN Bearing Manufacturing Corporation, NTN Kugellagerfabrik (Deutschland) GmbH, NTN Corporation, Koyo Seiko Co., Ltd. and Koyo Corporation of U.S.A. have not responded to Federal–Mogul's motion to consolidate.

Defendant opposes Federal–Mogul's motion to consolidate. Defendant points out that it filed motions seeking leave of this Court to correct certain alleged ministerial errors in these and other actions challenging these Final Results on September 1, 1992. If the Court grants defendant's motion, some of the issues in these actions may be resolved and other issues may develop which may necessitate the filing of amended pleadings. *Defendant's Memorandum in Opposition to Plaintiff's Motion to Consolidate* at 2.

Plaintiff's motion is filed under Rule 42(a) of this Court which states:

When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated under a consolidated complaint; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

The rule gives the court broad discretion to grant or deny consolidation. *Manuli, USA, Inc. v. United States*, 11 CIT 272, 277, 659 F.Supp. 244, 247 (1987).

This Court believes that judicial economy will be better served by denying Federal–Mogul's motion to consolidate at this time. The issues raised in defendant's motion for leave to correct ministerial errors in the challenged Final Results need to be resolved prior to any decision on whether to consolidate these cases and, if so, how best to consolidate them.

Therefore, this Court denies Federal–Mogul's motion for consolidation without prejudice. Federal–Mogul, and all other parties to these actions, may file a new motion to consolidate these actions after the ministerial errors issue has been resolved.