Slip Op. 24-35

## UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| DEER PARK GLYCINE, LLC,<br><br>      Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>      Defendant. | **Before: Claire R. Kelly**<br><br>**Court No. 23-00238** |
| DEER PARK GLYCINE, LLC,<br><br>      Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>      Defendant. | **Before Claire R. Kelly**<br><br>**Court No. 24-00016** |

## <u>OPINION AND ORDER</u>

[Denying Deer Park Glycine, LLC's motion to consolidate an action challenging the U.S. Department of Commerce's final scope ruling and an action challenging the U.S. Department of Commerce's rejection of a second scope ruling.]

Dated: March 20, 2024

David M. Schwartz, Michelle Li, and Kerem Bilge, Thompson Hine LLP, of Washington, D.C., for plaintiff Deer Park Glycine, LLC.

Kelly Geddes, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, D.C., for defendant United States. Also on the brief were Patricia M. McCarthy, Director, Claudia Burke, Deputy Director, and Brian M. Boynton, Principal Deputy Assistant Attorney General for defendant United States. Of Counsel was Joseph Grossman, Attorney, Office of the Chief

Counsel for Trade Enforcement and Compliance, U.S. Department of Commerce, of Washington, D.C.

Kelly, Judge:   Before the Court is Plaintiff Dear Park Glycine, LLC's ("Plaintiff") motion to consolidate Court No. 23-00238, initiated on November 10, 2023 ("Court No. 23-238") and Court No. 24-00016, initiated on January 26, 2024 ("Court No. 24-16").  See Pl.'s Mot. Consol. Cases at 1, Mar. 4, 2018, Court No. 23-238 ECF No. 17; Court No. 24-16 ECF No. 11 ("Pl. Mot.").[1]  Plaintiff argues consolidation of the cases will (1) allow the Court to adjudicate the common questions of law and fact, (2) promote judicial economy, and (3) ensure consistency in the separate but related actions.  Id. at 1.   The United States ("Defendant") opposes the motion.  See Def.'s Opp'n [Pl. Mot.] at 1, Mar. 18, 2024, Court No. 23-238 ECF No. 18; Court No. 24-16 ECF No. 12 ("Def. Resp.").   For the following reasons, Plaintiff's motion is denied.

## BACKGROUND

On October 11, 2023, the U.S. Department of Commerce ("Commerce") issued its final scope ruling determination ("Scope Ruling") that calcium glycinate is outside the scope of the antidumping and countervailing duty orders on glycine from India, Japan, Thailand, and The People's Republic of China.  See Final Scope Ruling, Oct

---

[1]  Both Plaintiff and Defendant filed identical motions and responses in both Court Nos. 23-238 and 24-16.  The Court will reference the motion, response, and relevant record documents as they pertain to Court No. 23-238 unless otherwise indicated, as that was the first action filed with the Court.

11, 2023, ECF No. 11-9; see also Glycine From India and Japan, 84 Fed. Reg. 29,170 (Dep't Commerce Oct. 18, 2019) (amended final affirmative antidumping duty determination and antidumping duty orders); Glycine From Thailand, 84 Fed. Reg. 55,912 (Dep't Commerce Oct 18, 2019) (antidumping duty order); Glycine From India and The People's Republic of China, 84 Fed. Reg. 29,173 (Dep't Commerce June 21, 2019) (countervailing duty orders). On November 10, 2023, Plaintiff challenged the Scope Ruling by filing summons for Court No. 23-238. See Summons at 1, Nov. 11, 2023, ECF No. 1. On December 7, 2023, Plaintiff filed its complaint challenging Commerce's final determination. Compl. at 1, Dec. 7, 2023, ECF No. 8.

On November 29, 2023, following the issuance of the Scope Ruling, Plaintiff submitted another scope ruling application to Commerce for the same product ("Scope Application"). Pl. Mot. at 2. On December 28, 2023, Commerce rejected the Scope Application pursuant to 19 C.F.R § 351.225(d)(1)(i), finding that it was "duplicative" and "otherwise unacceptable." Id. On January 26, 2024, Plaintiff appealed Commerce's rejection of the Scope Application, pending as Court No. 24-16. Id.; see Summons at 1, Jan. 26, 2024, Court No. 24-16 ECF No. 1; Compl. at 1, Jan. 26, 2024, Court No. 24-16 ECF No. 2.

## JURISDICTION AND STANDARD OF REVIEW

The Court has jurisdiction pursuant to 28 U.S.C. § 1581(c) (2018). Pursuant to Rule 42(a) of the Rules of the U.S. Court of International Trade, the Court may consolidate actions that "involve a common question of law or fact[.]" USCIT R. 42(a).

The decision to consolidate is within the Court's "broad discretion[.]" <u>See</u> <u>Zenith</u> <u>Elecs. Corp. v. United States</u>, 15 CIT 539, 540 (1991) (quoting <u>Manuli, USA, Inc. v.</u> <u>United States</u>, 11 CIT 272, 277, 659 F. Supp. 244, 247 (1987)).

## DISCUSSION

Plaintiff argues that consolidating Court No. 23-238 with Court No. 24-16 will allow the Court to adjudicate the common questions of law and fact raised in the two actions, promote judicial economy, and result in consistency between the actions. Pl. Mot. at 1. Defendant argues that there are no common questions of law or fact, and that the actions involve different administrative records and are governed by different standards of review. Def. Resp. at 1.

USCIT Rule 42(a) permits the court to consolidate actions if those actions involve a common question of law or fact. <u>See</u> USCIT R. 42(a). Consolidation may be appropriate when it promotes judicial economy or avoids inconsistent results. <u>See</u> Manuli, 11 CIT at 278, 659 F. Supp. at 248 (finding no benefit to consolidation given the distinct scope and standard of review in the cases); <u>Brother Indus., Ltd. v. United</u> <u>States</u>, 1 CIT 102, 103–04 (1980) (consolidating cases involving common questions of law and fact and a common administrative record). Where consolidation would not further the interests of judicial economy or where dissimilar issues outweigh the common issues, consolidation is inappropriate. <u>See</u> <u>Zenith</u>, 15 CIT at 540–41.

Here, there are no likely benefits to consolidation. Plaintiff's challenges to the Scope Ruling and Scope Application do not share any common questions of law. The

Scope Application does not involve the question of whether glycine is within the scope of the orders, but rather challenges Commerce's determination to reject the Scope Application because of the Scope Ruling concerning glycine.  Compl. at ¶¶ 16–19, Jan. 26, 2024, Court No. 24-16 ECF No. 2.  Although the two actions are related and stem from some common facts, the ultimate legal analyses required for disposition of the cases do not overlap.  Compare Compl. at ¶¶ 10–17, Dec. 7, 2023, Court No. 23-238 ECF No. 8 (alleging that Commerce's finding that calcium glycinate is excluded from the scope of the antidumping duty and countervailing duty orders), with Compl. at ¶¶ 16–19, Jan. 26, 2024, Court No. 24-16 ECF No. 2 (alleging Commerce improperly rejected Plaintiff's scope ruling application).  Unlike RHI Refractories Liaoning Co. v. United States, 35 CIT 407, 774 F. Supp. 2d 1280 (2011), upon which Plaintiff relies, see Pl. Mot. at 4, there are no common questions of law in the instant cases.  The statutes at issue in both actions govern related but discrete powers conferred to Commerce.  Compare 19 U.S.C. § 1516a(b)(2)(A) (governing review of Commerce's scope rulings), with 5 U.S.C. § 706 (governing review of decision to initiate a scope inquiry).  Accordingly, there are no common questions of law that might raise the danger of inconsistent decisions.

Further, the Court must review each challenge on its own record.  See 19 U.S.C. § 1516a(b)(2)(A).  The Court's review of a challenge to the Scope Ruling is governed by 19 U.S.C. § 1516a(b)(2)(A), stating that, "the record, unless otherwise stipulated by the parties, shall consist of[] (i) a copy of all information presented to or

obtained by the Secretary, the administering authority, or the Commission during the course of the administrative proceeding . . ." Conversely, the challenge to the Scope Application and Commerce's decision to initiate a scope inquiry is governed by 5 U.S.C. § 706: "the court shall review the whole record or those parts of it cited by a party, and due account shall be taken of the rule of prejudicial error." Thus, each determination is based upon a separate administrative record. It is unclear why the single consolidation of both determinations would promote judicial efficiency in light of the distinct statutes involved that govern their review.

Finally, it is unclear what harm will result from allowing the challenges to the Scope Ruling to proceed independently from the challenges to the Scope Application. Because the Court reviews these separate determinations pursuant to different standards of review and distinct questions of law, there is no risk of impeding judicial efficiency and no risk of inconsistent results between the cases. The Court sees little, if any, possible benefit to consolidation here.

**CONCLUSION**

For the reasons discussed, the Plaintiff's motion to consolidate Court No. 23-238 with Court No. 24-16 is denied. Although the Court had previously indicated that it would issue a scheduling order with its decision on this motion, the Court will ask the parties to propose a schedule order in each separate case. In accordance with this opinion, it is

**ORDERED** that the Consolidated Plaintiffs' motion to consolidate is denied;

and it is further

**ORDERED** that the parties in Court No. 23-238 with Court No. 24-16 shall

each file joint status reports and proposed briefing schedules on or before April 1,

2024.

 /s/ Claire R. Kelly
Claire R. Kelly, Judge

Dated:      March 20, 2024
             New York, New York